Richard TURNER, Individually and as Agent for the Black Youth Club, and the Southern Christian Leadership Conference, Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and the United States of America, Respondents,

Radio Station WSNT, National Association of Broadcasters, Intervenors.

Richard TURNER, Individually and as Agent for the Black Youth Club, et al., Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Radio Station WSNT, Inc., National Association of Broadcasters, Intervenors.

Nos. 74–1298, 74–1299.

United States Court of Appeals, District of Columbia Circuit.

Argued 17 April 1975.

Decided 23 June 1975.

Paul Gewirtz, Washington, D. C., with whom Joseph Onek, Washington, D. C., was on the brief for petitioners.

Joseph A. Marino, Associate Gen. Counsel, Federal Communications Commission, with whom Ashton R. Hardy, Gen. Counsel and C. Grey Pash, Jr., Counsel, Federal Communications Commission were on the brief, for respondent. R. Michael Senkowski, Counsel, Federal Communications Commission also entered an appearance for respondent.

John B. Summers, Washington, D. C., was on the brief for intervenor, National

Association of Broadcasters. John A. Borsari and George R. Borsari, Jr., Washington, D. C., entered appearances for intervenor Radio Station WSNT, Inc.

Before MacKINNON and WILKEY, Circuit Judges, and JAMESON,* Senior District Judge for the District of Montana.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Richard Turner and others filed a petition in 1970 before the Federal Communications Commission (FCC) seeking to deny renewal of the license of WSNT, Inc., to operate WSNT-AM in Sandersville, Georgia. Petitioners alleged racial discrimination in WSNT's operation and a failure adequately to serve the entire Sandersville community, which is 60 percent black. In an opinion and order dated 11 March 1971, the FCC designated WSNT's renewal application for hearing pursuant to section 309(e) of the Communications Act.[1] Prior to the scheduled hearing, the petitioners and the licensee reached a settlement and as a result petitioners urged that WSNT's renewal application be granted. Petitioners also requested that WSNT be required to reimburse the legal expenses incurred in prosecuting the petition to deny. At the same time that it granted WSNT's renewal application, the Commission denied Turner's request that WSNT be ordered to reimburse its expenses, on the authority of *KCMC, Inc.*[2]

While Turner's appeal of the Commission's denial was pending, this court, in Office of Communication of United Church of Christ v. FCC,[3] reversed the *KCMC* decision. Upon the joint request of the parties, Turner's appeal was remanded to the Commission for further consideration in light of the opinion in *United Church of Christ.*

On remand the Commission concluded that it was without legal authority to require WSNT to reimburse Turner's expenses and that reimbursement was not warranted on the facts of this case.[4] While conceding that its powers under sections 4(i) and 303(r) of the Communications Act were broad, it was persuaded that the authority to order reimbursement of legal expenses should not be implied "absent specific statutory authority." The Commission in its opinion dealt with the issue as follows:

> [T]he shifting of attorney's fees is not a new concept. The fact is that fee shifting was well known to Congress when the Act was adopted, and Congress did not choose to number it specifically among the Commission's regulatory tools. Moreover, any attempt to infer such power from general grants of authority has to be considered in the light of the traditional rule in this nation's courts against awards of attorney's fees, the strict limitations on the Commission's powers under the Act to require broadcast licensees to pay out money, and the fact that Congress has not hesitated in other circumstances to authorize fee awards explicitly when it has determined such authorization to be warranted.
>
> 18. The federal courts have awarded attorney's fees in certain classes of cases not covered by statute, and Turner argues by analogy that the Commission has authority to do the same thing. But the "foundation" for this practice in the courts is "the original authority of the chancellor to do equity in a particular situation," Sprague v. Ticonic National Bank, 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939), and the Commission has no such equitable authority. Instead, the Commission must find its authority in its enabling statutes. Regents v.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Radio Station WSNT, Inc., 27 F.C.C.2d 993 (1971).

2. 25 F.C.C.2d 603 (1970).

3. 150 U.S.App.D.C. 339, 465 F.2d 519 (1972).

4. 45 F.C.C.2d 377 (1974).

Carroll, 338 U.S. 586, 70 S.Ct. 370, 94 L.Ed. 363 (1949); Illinois Citizens Committee v. FCC, *supra*.[5]

We affirm the Commission's order. Congress, and not the Commission, can authorize an exception to the "American Rule" that litigants bear the expense of their litigation. The reasoning of the Supreme Court in Alyeska Pipeline Co. v. Wilderness Society[6] is fully applicable to litigation before the Federal Communications Commission. Congress has no more extended a "roving commission" to the FCC than it has to the Judiciary "to allow counsel fees as costs or otherwise whenever the . . [Commission] might deem them warranted."[7] The Commission in its opinion noted that "Congress has not hesitated in other circumstances to authorize fee awards explicitly when it has determined such authorizations to be warranted." In fact, two provisions of the Communications Act specifically provide for the award of attorney's fees in court litigation.[8]

In conclusion, we wish clearly to distinguish our prior opinion in *United Church of Christ*. It is one thing to approve a voluntary agreement in which a litigant has agreed to reimburse his adversary his expenses and attorney's fees in an appropriate case. It is quite another for an agency to order a litigant to bear his adversary's expenses. Before an agency may so order, it must be granted clear statutory power by Congress.

Affirmed.

---

5. 45 F.C.C.2d at 381–82 (footnotes omitted).

6. —— U.S. ——, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

7. *Id.* at ——, 95 S.Ct. at 1623.

8. 47 U.S.C. § 206, relating to actions against common carriers, was a part of the original Communications Act. 47 U.S.C. § 331(b) was a part of the 1973 sports anti-blackout amendment. 47 U.S.C. § 206 is mentioned in note 33 of the *Alyeska* opinion as an example of a statutory exception to the American rule. —— U.S. at ——, 95 S.Ct. 1612, n.33, 43 U.S.L.W. at 4568 n.33.