Otto T. **TRAPP**, Plaintiff-Appellant,

v.

**UNITED STATES of America, United States Civil Service Commission, et al., Defendants-Appellees.**

**No. 76–1801.**

United States Court of Appeals, Tenth Circuit.

Jan. 26, 1977.

Frederick M. Kal, Aurora, Colo., for plaintiff-appellant.

James L. Treece, U. S. Atty., Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo., for defendants-appellees.

Before HILL, McWILLIAMS and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Colorado denying appellant attorney's fees for administrative and judicial proceedings to enforce his employment rights as a civilian pilot for the United States Army.

Appellant, a preference eligible employee as defined in 5 U.S.C. § 7511, was discharged from his position as an aircraft pilot with the United States Army Aviation Division at Dugway, Utah. He pursued his administrative remedies within the Civil Service Commission, finally appealing his discharge to the Board of Appeals and Review. At each level his termination was upheld.

This suit was commenced as a review by the district court of final administrative action, pursuant to 5 U.S.C. § 701 *et seq.* The district court found appellant's termination arbitrary and capricious and reversed the decision of the Board of Appeals and Review but denied appellant's request for attorney's fees for the prior administrative hearings and the proceeding in the district court.

As a sovereign, the United States is immune from suit, save as it consents to be sued. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A partial waiver of immunity authorizing costs to be assessed against the government in favor of successful litigants is found in 28 U.S.C. § 2412. That section specifically excludes attorney's fees, however, and makes it clear that they may not be awarded against the government absent express statutory authority. *Pyramid Lake Paiute v. Morton*, 499 F.2d 1095 (D.C.Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439. Finding no authority to support such an award for the judicial proceedings herein, we hold that the fees were properly denied.

We next consider appellant's request for attorney's fees incurred in the administrative proceedings. The record is not clear as to whether a request for fees was made at the administrative level. If it was not, the district court was without jurisdiction to consider the question of fees for the agency proceedings. As this suit is for judicial review of the Board's decision, the district court's consideration was limited by 5 U.S.C. § 702 to legal wrongs suffered because of agency action. Any matter not placed in issue before the Board was not a part of its action and, therefore, not properly before the district court.

If appellant did request fees before the Board, the question before the district court was the propriety of the Board's denial of appellant's attorney's fees and, therefore, the authority of the Board to award fees.

Agencies may not award attorney's fees without express statutory authority. *Turner v. FCC*, 514 F.2d 1354 (D.C.Cir. 1975). Appellant cites 5 U.S.C. § 7701, the section by which he took his appeal to the Board, as authority for an award of fees. That section, *inter alia*, authorizes an aggrieved preference eligible employee to appear "through a representative." The section is silent, however, on the question of expenses for such representation. Section

7701 also contains a general provision authorizing the Board to direct "corrective action" with regard to the employee's grievance.

Where Congress has spoken to authorize an award of attorney's fees, it has done so in no uncertain terms.[1] We decline to infer from the ambivalent language of the noted section a congressional grant of authority to the Board of Appeals and Review to award attorney's fees in proceedings before it by preference eligible employees.

AFFIRMED.

---

1. *E.g.*, 42 U.S.C. § 2000e–5(k), which provides:

    (k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.