Margienell S. FISCHER, Plaintiff,

v.

U. S. DEPARTMENT OF TRANSPORTATION and U. S. Civil Service Commission, Defendants.

Civ. A. No. 75–3934–S.

United States District Court,
D. Massachusetts.

April 29, 1977.

Jonathan Shapiro, Boston, Mass., for plaintiff.

Karin K. Zander, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This is an action under 42 U.S.C. § 2000e–16. The plaintiff alleges she was denied a promotion because of her sex. She prevailed before the Civil Service Commission Appeals Review Board, winning a retroactive promotion and back pay. She now seeks to recover interest on the back pay and an award of attorney's fees.

The case is before me on cross motions for summary judgment and the defendants' motion to dismiss.

■ Though the plaintiff has failed to name a proper party defendant, I shall deal with the present motions on the assumption that she will amend her pleadings to conform to the requirements of 42 U.S.C. § 2000e–16(c).

## TIMELINESS

■ Defendants' motion to dismiss is in part based on the assertion that plaintiff failed to commence this action within the requisite thirty days of the receipt of notice of final action by the Civil Service Commission. 42 U.S.C. § 2000e–16(c). As a consequence, defendants argue, this court lacks subject matter jurisdiction.

Defendants' notice to plaintiff of the Commission's action failed, however, to include notice of her right to sue as required under 5 C.F.R. §§ 713.234 and .282 (1976).

Defendant claims that since plaintiff had substantially prevailed before the Commission no such notice was necessary. I do not agree.

Even if the Commission's final action is in favor of a complainant, he may be aggrieved by the inadequacy of the Commission's remedial orders and wish to file an action under 42 U.S.C. § 2000e–16(c). Written notice of the right to file such an action within thirty days is as necessary under these circumstances as when the Commission rejects an allegation of discrimination.

Since there was no such notice in this action, there was no "final action" triggering the thirty-day limitations period. Plaintiff's complaint was timely and the defendants' motion to dismiss for lack of jurisdiction is DENIED.[1] *Beasley v. Griffin*, 427 F.Supp. 801 (D.Mass.1977).

## INTEREST

■ Plaintiff seeks to recover interest on her award of back pay.

While in the private context several courts have held such interest to be awardable, *e. g., Inda v. United Air Lines, Inc.*, 405 F.Supp. 426, 435 (N.D.Cal.1975), those cases do not serve as precedent where a claim is against the United States. Interest against the government is not recoverable absent "an express provision to the contrary in the relevant statute or contract." *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951).

I agree with the Fifth Circuit which has held that there is no such express provision in 42 U.S.C. § 2000e–16 or the provisions of Title VII incorporated therein. *Richerson v. Jones*, 551 F.2d 918 (3d Cir., 1977).

1. Defendants did not base their motion on a claim of failure to exhaust, but suggested in a footnote to their brief that plaintiff's failure to specify attorney's fees or interest in her quest for administrative relief constitutes grounds to dismiss for lack of subject matter jurisdiction. Technical requirements of pleading before agencies in discrimination actions are minimal, however, and do not appear to include specification of remedies. See 5 C.F.R. § 713.214. *Cf. Sciaraffa v. Oxford Paper Co.*, 310 F.Supp.

891, 898 (D.Me.1970). Furthermore, the burden is on the Commission under the statute and regulations to enforce the prohibitions against discrimination in personnel actions through appropriate remedies once discrimination has been found. 42 U.S.C. § 2000e–16(b); 5 C.F.R. § 713.271(b). Once the Commission has ordered remedial action a complainant has exhausted his remedies and may seek further relief where he feels the Commission has failed to make him whole.

Accordingly, defendants' motion to dismiss this claim under Fed.R.Civ.P. 12(b)(6) is ALLOWED.

## ATTORNEY'S FEES

Plaintiff seeks to recover attorney's fees, including for work done in administrative proceedings on issues where the plaintiff was successful before the Commission. Defendants have moved to dismiss this claim under Fed.R.Civ.P. 12(b)(6).

 Attorney's fees are not recoverable in a federal action absent "specific and explicit provisions" for their allowance. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This requirement of specificity and explicitness is enhanced where the issue involves sovereign immunity; a waiver of immunity must be "unequivocally expressed." *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The reasoning underlying the *Alyeska* standard is fully applicable to administrative proceedings. *Turner v. F.C.C.,* 169 U.S. App.D.C. 113, 514 F.2d 1354, 1356 (1975).

42 U.S.C. § 2000e–16(b) defines the authority of the Civil Service Commission to enforce the anti-discrimination provisions of § 2000e–16 "through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section." Though this language is broad it does not specifically or explicitly provide that the Commission may award attorney's fees. *Cf.* 42 U.S.C. § 406. I find accordingly that the Commission is not so empowered. *Alyeska Pipeline Co., supra; Turner v. F.C.C., supra.*

 ·Plaintiff urges, nevertheless, that the court is authorized to award attorney's fees for services both in court and before the administrative agency, citing 42 U.S.C. § 2000e–5(k). That section provides as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part

of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Plaintiff argues that "proceeding" includes administrative proceeding. Such a construction would stretch without warrant the meaning of this section especially in light of the lack of administrative power to award fees. The section applies to actions or proceedings in which the court participates. The court is not an actor "in" an administrative "proceeding," but only after its completion, when an employee is "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint." 42 U.S.C. § 2000e–16(c). A type of "proceeding" in which the court does play a part and to which this section may apply is set out in 42 U.S.C. § 2000e–5(i) permitting the Commission to "commence proceedings" to compel compliance with a court order issued in a civil action under § 2000e–5.

Courts which have construed this section to allow the award of attorney's fees for work before the Commission have relied largely on grounds of policy rather than seeking the clear statutory expression of congressional intent required by *Alyeska Pipeline Co., supra. E. g., McMullen v. Warner,* 416 F.Supp. 1163, 1167 (D.D.C. 1975).

It is not within the province of this court to do by forced construction what Congress could have done in a specific statute.

Accordingly, defendants' motion to dismiss is ALLOWED.