**Leroy N. NOBLE, Plaintiff,**

v.

**W. Graham CLAYTOR, Jr., Defendant.**

**Civ. A. No. 77–1745.**

United States District Court, District of Columbia.

April 13, 1978.

Laura J. Rayburn, Mark T. Wilson, Washington, D. C., for plaintiff.

David H. Shapiro, Sp. Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, Senior District Judge.

### I

This is an action for award of attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* resulting from the successful resolution at the administrative level of a complaint of discrimination.

On March 25, 1977, plaintiff, a black employee of the Department of the Navy filed a formal administrative complaint with defendant alleging race and age discrimination in that he had been denied promotion to certain supervisory positions.

On August 18, 1977, defendant found that plaintiff had been "discriminated against on the basis of race in the selection process for the position of Utilities System Operator Leader WL–5406–9." It awarded him a retroactive promotion with back pay.[1]

Further, and importantly to this case, the defendant acknowledged that plaintiff was "the prevailing party in this proceeding and, if (he) is entitled to a reasonable attorney's fee, it shall be in the amount of $780. . . ."[2]

Plaintiff filed this action on October 5, 1977. He seeks attorney's fees for services both at the administrative level, and in maintaining this action. On January 6, 1978, he filed a Motion for Summary Judgment. Defendant sought, and obtained, an extension of time until February 13, 1978, in which to respond to plaintiff's motion. On that date, defendant filed a "Motion to Hold in Abeyance and Stay Proceedings" pending decision as to whether the government would appeal *Smith v. Califano*, C.A. 76–2311, 446 F.Supp. 530 (D.D.C. January 28, 1978, *as amended* January 31, 1978).[3] This Court denied defendant's motion for stay on March 9, 1978, and ordered defendant to respond to plaintiff's motion within ten (10) days. No response has been filed. Accordingly, we move to consider plaintiff's uncontested motion for summary judgment.

### II

#### Agency Authority to Award Fees

The issues before us can be simply stated *viz.*, (1) whether Title VII authorizes an

1. Plaintiff's Motion for Summary Judgment, Attachment 3.

2. *Id.*

3. In *Smith*, the Court held that Title VII permits an agency to award attorney's fees to a party who prevails in his complaint of discrimination at the administrative level. Defendant filed a notice of appeal in *Smith* on March 30, 1977.

award of attorney's fees to a party who prevails in his complaint of discrimination at the administrative level and, if so, (2) whether the discriminating agency is authorized to award such fees. Though the issues are easily stated, their resolution is considerably more difficult.

## A.  Prior Case Law

We begin with *Fischer v. U. S. Dep't of Transportation*, 430 F.Supp. 1349 (D.Mass. 1977). In *Fischer* plaintiff prevailed in her discrimination claim before the Civil Service Commission which awarded her retroactive promotion and back pay. She then sued in district court seeking interest and an award of attorney's fees. Citing the holdings of *Alyeska Pipeline Co. v. Wilderness Society*,[4] and *United States v. Testan*,[5] to the effect that "attorney's fees are not recoverable in a federal action absent 'specific and explicit provisions' for their allowance"[6] and that "a waiver of [sovereign] immunity must be 'unequivocally expressed;'"[7] *Fischer* held that ·42 U.S.C. § 2000e–16(b)[8] does not specifically or explicitly provide that the Commission may award attorney's fees. The court also rejected plaintiff's argument that 42 U.S.C. § 2000e–5(k), which authorizes a district court to award attorney's fees "In any action or proceeding under this subchapter . . . .," allows a district court to award attorney's fees for services performed at the administrative level. As to this latter argument, the Court specifically held that the word "proceeding" did not include administrative proceeding, but rather referred only to "actions or proceedings in which the court participates." *Fischer, supra* at 1352.[9]

Subsequent to *Fischer*, our Court of Appeals decided *Parker v. Califano*, 182 U.S. App.D.C. 322, 561 F.2d 320 (1977). In *Par-*

ker, the Court faced the issue of "whether in a suit brought by a federal employee under Title VII of the Civil Rights Act of 1964—in which the employee is the 'prevailing party'—a *federal District Court* has discretion to award attorney's fees that include compensation for legal services performed in connection with related administrative proceedings." (emphasis supplied) (footnotes omitted). *Parker, supra*, 182 U.S.App.D.C. at 323, 561 F.2d at 321. The Court of Appeals concluded that 42 U.S.C. § 2000e–5(k) as made applicable by 42 U.S.C. § 2000e–16(d) did in fact authorize *district courts* to make awards for attorney's fees which included compensation for work done at both judicial and administrative levels. *Parker, supra*, 182 U.S.App. D.C. at 326, 561 F.2d at 324. A similar result was reached by the Fourth Circuit in *Johnson v. United States*, 554 F.2d 632 (4th Cir. 1977). In reaching this common result, both Circuit Courts specifically indicated that they were expressing no opinion as to the situation which now confronts us *viz.*, whether a prevailing party would be entitled to attorney's fees for representation in an administrative proceeding which took place entirely independently of, or prior to, an action in the district court. However, despite this limitation on their holdings both courts suggested, by innuendo, how they might resolve this issue.

In *Johnson*, the Court, after indicating it was expressing no opinion on the issue just delineated, cited to *Fitzgerald v. United States Civil Service Commission*, 180 U.S. App.D.C. 327, 554 F.2d 1186 (1977). That case held that section 14 of the Veterans Preference Act of 1944 which *inter alia* directs the agency guilty of the wrongful discharge to "take corrective action that the

---

**4.**  421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

**5.**  424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

**6.**  430 F.Supp. at 1352.

**7.**  *Id.*

**8.**  This section authorizes the Commission to enforce the antidiscrimination provisions of § 2000e–16(a) "through appropriate remedies including reinstatement or hiring of employees with or without back pay as will effectuate the policies of this section  .  .  .  ."

**9.**  An appeal from the district court decision in *Fischer* is currently pending in the First Circuit. *See Fischer v. Adams*, No. 77–1264.

Commission finally recommends" did not include the requisite express waiver of sovereign immunity nor the express Congressional intent to allow attorney's fees. Accordingly, the Court reasoned, the language did not authorize the Civil Service Commission to award attorney's fees for parties prevailing at the administrative level. In citing to *Fitzgerald*, the *Johnson* Court would seem to suggest that a similar conclusion might be the appropriate disposition of the issue which we now confront.

The *Parker* court, in a footnote,[10] addressed itself to an anomaly posed by the appellant if the court were to hold that in Title VII suits district courts could award fees for services performed at the administrative and judicial level, but that such fees could not be awarded for services performed at the administrative level alone. The appellant pointed out the possibility that a plaintiff who was unsuccessful at the administrative level but later successful in court might be able to recoup attorney's fees for all legal services rendered, while, on the other hand, a plaintiff who was successful at the administrative level and, accordingly, had no reason to go to court, might not be able to recoup any fees. While not deciding whether such anomaly would, in fact, result the Court alluded to two suggestions offered by appellee as providing a possible resolution:

> The first possibility is to allow the plaintiff to come to court on the single issue of whether, and in what amount, attorneys' fees are to be awarded. The second is for the agency itself to award fees pursuant to its authority under § 717(b), 42 U.S.C. § 2000e–16(b), to 'enforce the provisions [prohibiting employment discrimination] *through appropriate remedies*, including reinstatement or hiring of employees with or without back pay, *as will effectuate the policies of this section . . . .*'

*Parker, supra*, 182 U.S.App.D.C. at 331, n. 24, 561 F.2d at 329 n. 24.

The Court appeared to accord further weight to these suggestions in *Foster v. Boorstin*, 182 U.S.App.D.C. 342, 561 F.2d 340 (1977) when it noted "For reasons stated in *Parker v. Califano*, 182 U.S.App.D.C. 331, at n. 24, 561 F.2d 329, at n. 24, we believe this potential anomaly is far from inevitable." *Id.*, 182 U.S.App.D.C. at 345, 561 F.2d at 343 n. 8.

With *Fischer, Johnson* and *Parker* in the background, a U.S. District Court for the District of Columbia faced the anomaly raised in *Parker*. In *Taylor v. Claytor*, 15 EPD § 7854 (D.D.C.1977), the Court resolved that anomaly by adopting the first alternative suggested by *Parker, supra*. It directed the defendant agency to reimburse the plaintiff for fees incurred at the administrative level as well as those incurred in the suit to obtain such fees.

Subsequent to the *Taylor* decision, a different D.C. District Court in *Smith, supra* adopted the second alternative suggested by the *Parker* appellee and held that § 2000e–16(b) authorized the award of attorney's fees by the defendant agency to a party who prevails in his complaint of discrimination at the administrative level[11] and without subsequent court action. While acknowledging that "Title VII does not expressly state that an agency may award attorney's fees . . . ,"[12] the Court noted that "it does state that the agency is to enforce the Act 'through appropriate remedies . . . as will effectuate the policies of this section . . . .' 42 U.S.C. § 2000e–16(b) (Supp. V 1975)."[13] Finding that "one of the central policies of Title VII is to make whole the person who has been subjected to discrimination,"[14] the Court held that § 2000e–16(b) "can be read

---

10. 182 U.S.App.D.C. at 331–332 n. 24, 561 F.2d at 329–330 n. 24.

11. This alternative was also adopted by the Court in *Patton v. Andrus*, C.A. 77–1730 (D.D.C. February 28, 1978).

12. Slip Op. at 6.

13. *Id.*

14. *Id.*

to permit the agency to award attorney's fees . . . ."[15]

On the issue of whether § 2000e–16(b) constitutes a waiver of sovereign immunity, the Court in *Smith* cited *Parker* as authority for the proposition that Title VII contains an express waiver of sovereign immunity in authorizing the award of attorney's fees and that, to the extent *Fischer* was contrary, *Parker* was controlling

■ We agree with *Smith* insofar as it holds that Title VII authorizes the award of attorney's fees to a complainant who prevails at the administrative level and, we acknowledge considerable appeal in the practicality of allowing agencies as such to award such fees. However, we do not find in either the language or the legislative history of § 2000e–16(b) the express congressional intent required[16] to authorize agencies to award attorney's fees. Rather we deem Congress to have vested such authority only in the courts.

### B. The Statutory Language of 2000e–16(b)

The precise language of § 2000e–16(b) which *Smith* found to have authorized an agency's award of fees reads:

. . . the *Civil Service Commission* shall have authority to enforce the [prohibition against discrimination in federal employment] through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section . . . . (emphasis supplied).

We note at the outset that it is the *Civil Service Commission* which is charged with the responsibility of eliminating the effect of discrimination in federal employment through appropriate remedies. The section includes no language which specifically authorizes an agency, *sua sponte*, to devise and enforce remedial action. Accordingly, to find the requisite authority in § 2000e–16(b) for *agencies* to award attorney's fees requires (1) an initial finding that the language authorizes the *Commission* to award such fees (2) that the statute authorizes the Commission to delegate that authority and (3) that the Commission has, in fact, delegated its authority.

■ As to the power of the Commission, we note that the Commission is authorized to eliminate discrimination "through appropriate remedies, including reinstatement or hiring of employees with or without back pay . . . ." While acknowledging that this language is not to be construed as making reinstatement and back pay the exclusive remedies available to the Commission, we are of the opinion that if Congress had intended to authorize a remedy as significant as the awarding of attorney's fees it would, as it did with back pay, have specifically enumerated such remedy.[17]

As to delegation, assuming *arguendo* the Commission is authorized to award attorney's fees, logically it can be argued that its ability under § 2000e–16(b) to "issue such rules, regulations, orders, and instructions as it deems necessary and appropriate to carry out its responsibilities under this section . . . ." provides authority to delegate its power to the agencies to award such fees. However, in reviewing the regulation by which the Commission has delegated to agencies its authority to take remedial action, we find an even more specific enumeration of available remedies and again the awarding of attorney's fees is conspicuously absent from that list.[18]

---

**15.** *Id.*

**16.** *See Fitzgerald v. United States Civil Service Commission*, 180 U.S.App.D.C. 327, 330, 554 F.2d 1186, 1189 (1977) *citing Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 246, 265–68 and n. 42, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

**17.** The authority to award back pay does not assume the authority to award attorney's fees.

*Fitzgerald, supra,* 180 U.S.App.D.C. at 330, 554 F.2d at 1189.

**18.** *See* 5 CFR § 713.271(b) which states in part: When an agency, or the Commission, finds that an employee of the agency was discriminated against and as a result of that discrimination was denied an employment benefit, or an administrative decision adverse to him was made, the agency shall take remedial actions which shall include one or more of

We conclude, accordingly, from the language of 2000e–16(b) and the Commission regulations that the awarding of attorney's fees by agencies was neither intended by the Congress in writing the legislation nor by the Commission in interpreting it—and the legislative history of the section, in our opinion, bolsters that conclusion.

### C. *Legislative History of § 2000e–16(b)*

The legislative history of § 2000e–16(b) offers no guidance as to whether "appropriate remedies" was intended to include the award of fees. As noted by Senator Williams, there was virtually no debate on the section.[19] It is significant to us that there is a complete absence of any discussion of a concept so novel as the authorization to an administrative agency to award attorney's fees. The significance of such absence is heightened when viewed in the light of a proposed Amendment No. 833 [20] to the Senate bill (S. 2525) on Title VII. This proposed amendment was discussed in the context of a debate over whether to grant the Equal Employment Opportunity Commission (EEOC) the independent authority to issue cease and desist orders and read in part:

> In any action or proceeding under this title the [*Equal Employment Opportunity*] Commission or Court, as the case may be, may allow the prevailing party . . a reasonable attorney's fee as part of the costs.

the following, but need not be limited to these actions:
(1) Retroactive promotion, with back pay . . .
(2) Consideration for promotion to a position for which he is qualified before consideration is given to other candidates . . .
(3) Cancellation of an unwarranted personnel action . . .
(4) Expunction [of] . . . the agency's record . . .
(5) Full opportunity to participate in the employee benefit denied him . . . .

**19.** Subcommittee on Labor, Senate Committee on Labor and Public Welfare, *Legislative History of the Equal Employment Opportunity Act of 1972*, 92d Cong., 2d Sess. at 1768 (hereinafter *History*).

**20.** *Id* at 1019–1020.

**21.** *Id* at 1177 to 1194.

The proposed amendment also specified who would be eligible to receive fees and it set limits on the amounts which could be awarded. Debate on the proposed amendment was considerable.[21] The Senate ultimately rejected the grant of cease and desist authority to the EEOC and the Conference Committee deleted the fee award language. However, the text of the amendment and the debate concerning it would suggest that if the Congress intended § 2000e–16(b) to authorize CSC or the independent agencies to make fee awards, it knew how to accomplish that purpose, and the Congressional intent to do so would have been more clearly reflected in the legislative history and in the ultimate language of § 2000e–16(b).[22]

### III. *Court Authority to Award Fees Under § 2000e–5(k)* [23]

■ Having rejected the proposition that the CSC and agencies are authorized to award attorney's fees under § 2000e–16(b), we move on to consider the other alternative suggested by the appellees in *Parker*, i. e., that § 2000e–5(k) authorizes a district court to award attorney's fees to a party who has prevailed in his discrimination complaint at the agency rather than at the judicial level.

Despite the fact that the *Parker* court expressed no opinion on this suggestion, we

**22.** Further support for this view can be found in comparing the provisions of § 2000e–16(b) with those, for example, of 42 U.S.C. § 406. Section 406 *inter alia* authorizes the Secretary of Health, Education and Welfare to award attorney's fees to old age, survivors, or disability insurance claimants who prevail at the agency level. The section sets out in considerable detail the secretary's power to prescribe who may represent a claimant and the maximum fees to be awarded. Thus, this section further evidences the deliberateness and specificity with which Congress expresses its intent that an agency be authorized to award attorney's fees.

**23.** This section is made applicable to federal employment discrimination cases by 42 U.S.C. § 2000e–16(d).

view the *Parker* holding as compelling its approval. For if, as *Parker* holds, a party losing at the administrative level but prevailing at the judicial level is entitled to reimbursement for legal services rendered at the administrative level, it would be unjust to deny legal fees to the party who was successful at the administrative level and hence had no need for recourse to the courts. It is a well established principle of statutory construction that Congress will not be presumed to have intended such an unjust result. *See, e. g., Pennsylvania v. Nelson*, 350 U.S. 497, 509–510, 76 S.Ct. 477, 100 L.Ed. 640 (1956); *Consumers Union v. Sawhill*, 512 F.2d 1112, 1118 (Em.App.1975).

Section 20002–5(k) provides that:

In any action or proceeding under this subchapter the Court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

In interpreting this section, the Court in *Parker* made it clear that "proceeding" was intended to include an administrative proceeding and that a district court could award fees incurred in such proceeding. *Parker, supra*, 182 U.S.App.D.C. at 326–331, 561 F.2d at 324–329. Accordingly, the determination that a district court can award fees under the circumstances with which we are here concerned requires consideration of only one additional matter *viz.*, does Title VII provide a jurisdictional basis for a party prevailing at the administrative level to bring suit in district court solely for attorney's fees. We think such basis can be founded on either of two theories.

First, 42 U.S.C. § 2000e–16(c) authorizes a federal employee to bring suit in district court "if aggrieved by the final disposition of his complaint." In our opinion, a party who has prevailed in his discrimination complaint at the agency level but has not been awarded fees remains an aggrieved party under this section.

Secondly, jurisdiction can also be founded directly in 2000e–5(k) when that section is viewed in terms of the integrated administrative-judicial enforcement scheme which Congress created in Title VII. *Brown v. G. S. A.*, 425 U.S. 820, 829–833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Parker, supra*, 182 U.S.App.D.C. at 330–331, 561 F.2d at 328–329. Under that scheme, the administrative "proceeding" under § 2000e–5(k) can be viewed as "part and parcel of the same litigation for which an attorney's fee is now sought." *Parker, supra*, 182 U.S.App.D.C. at 331, 561 F.2d at 329 citing *Johnson, supra* at 633. Under this analysis a district court's awarding of fees is but the final phase of the administrative proceeding.

In concluding that a party who has prevailed in his discrimination complaint at the administrative level must, in every instance, come to the district court for an award of fees, we are not unmindful of the additional burden that is imposed upon the courts. However, although there might appear to be considerable practical appeal in allowing agencies to award such fees directly,[24] we cannot approve such a procedure in the absence of an express congressional mandate.

## IV. *Conclusion*

In view of the foregoing, and having found no genuine issues as to any material fact, we deny plaintiff's motion for Summary Judgment insofar as it seeks a declaratory judgment that the defendant agency is authorized to award him attorney's fees.

As to plaintiff's claim under § 2000e–5(k) for attorney's fees and costs incurred for work performed at the administrative level and in prosecuting this action, plaintiff's Motion for Summary Judgment should be, and the same hereby is granted. Absent objection from defendant, this Court will deem seven hundred eighty dollars ($780), the amount previously stipulated by the

---

24. Congress may well have felt that the additional burden imposed in requiring parties to seek their fees in district court were justified by their greater experience in determining such fees and by the lack of uniformity which might result if the various agencies independently sought to make such determinations.

parties, as being a reasonable fee for work performed at the administrative level. Regarding plaintiff's claim for attorney's fees and costs incurred in connection with the prosecution of this action, plaintiff shall submit a petition itemizing such costs, with copy to defendant, within ten (10) days of the date on which this Memorandum and Order is filed.

It is SO ORDERED this 13th day of April, 1978.