Thomas A. WATSON, Plaintiff,

v.

UNITED STATES VETERANS ADMIN-ISTRATION et al., Defendants.

No. CV 80–874–AWT.

United States District Court,
C. D. California.

Oct. 30, 1980.

Mark A. Borenstein, Tuttle & Taylor, Los Angeles, Cal., for plaintiff.

Eva S. Halbreich, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION

TASHIMA, District Judge.

In this action, plaintiff, a handicapped employee of defendant, Veterans Adminis-

tration ("VA"), seeks attorney's fees for the successful resolution, at the agency level, of his employment discrimination complaint. The matter is before the Court on plaintiff's motion for summary judgment ordering the VA to award plaintiff reasonable attorney's fees or, in the alternative, that the Court make such an award.

It is undisputed that plaintiff's physical handicap discrimination complaints were administratively adjudicated in favor of plaintiff and that, as a result, he obtained substantial relief, including retroactive promotion, back pay and correction of his personnel records. Plaintiff was the prevailing party in the employment discrimination proceeding before the VA. However, the VA refused plaintiff's request for attorney's fees. This refusal was based on the VA's position that, although it did not oppose the award of attorney's fees in principle, it had no authority to award such fees administratively and that such an award could be made only by the Court. This action followed.

Plaintiff's administrative complaint was heard and determined under the Rehabilitation Act of 1973, as amended in 1978. The 1978 amendments extended the remedies available under the Civil Rights Act of 1964 to the Rehabilitation Act:

> "The remedies, procedures and rights set forth in section 717 of the Civil Rights Act of 1964, including the application of sections 706(f) through 706(k), shall be available with respect to any complaint under section 791 of this title . . . ."

29 U.S.C. § 794a(a)(1). Section 706(k) of Title VII provides:

> "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."

42 U.S.C. § 2000e–5(k). Section 505(b) of the Rehabilitation Act, added by the 1978 amendments, provides, in virtually identical language:

> "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."

29 U.S.C. § 794a(b). As stated earlier, the parties do not dispute that under these amendments a district court may award attorney's fees for services rendered at the administrative agency level. Plaintiff, however, also contends that the VA has the discretionary authority, under the 1978 amendments, to award such fees without the need to resort to court proceedings.

There do not appear to be any reported decisions construing the authority of a federal administrative agency to make a discretionary award of attorney's fees in a Rehabilitation Act proceeding. Several cases, however, have dealt with the closely analogous issue of the administrative award of attorney's fees under Title VII, on which the Rehabilitation Act's provision is clearly based. The first case to uphold an agency's authority to award fees in a Title VII proceeding was *Smith v. Califano*, 446 F.Supp. 530 (D.D.C.1978). *Smith* was followed in *Williams v. Boorstin*, 451 F.Supp. 1117 (D.D.C.1978), and *Patton v. Andrus*, 459 F.Supp. 1189 (D.D.C.1978).

We agree with the rationale of *Smith v. Califano, supra,* that construing the statute to authorize the agency to award attorney's fees is more in keeping with the purpose of the statute and the intent of Congress than the contrary interpretation. The rights to be vindicated under the Rehabilitation Act are the same, whether at the agency or judicial level. Congress has specifically provided for the award of attorney's fees "in any proceeding." Thus, it better serves the aims of the Act to authorize attorney's fees awards "regardless of the stage at which that federal right is protected." 446 F.Supp. at 533. This construction of the Act is also in keeping with its "make whole" and "appropriate remedies" concepts, *id.,* which are incorporated in the Rehabilitation Act from Title VII. 29 U.S.C. § 794a.

We, therefore, decline to apply the interpretation of the Title VII statute set forth in *Noble v. Claytor*, 448 F.Supp. 1242 (D.D.C.1978), relied on by the VA in support of its contention that it lacks authority to

award attorney's fees, to this Rehabilitation Act proceeding. We note that one of the circumstances on which the *Noble* court premised its decision no longer exists. That decision was partially based on the lack of any regulations promulgated by the agency charged with enforcing the statute authorizing the award of attorney's fees at the administrative level. *Id.*, at 1246–47. Since then, the Equal Employment Opportunity Commission has adopted interim regulations authorizing federal agencies, in Title VII proceedings, "to award the applicant or employee reasonable attorney's fees . . . incurred in the processing of the complaint or charge." 29 C.F.R. § 1613.271(c)(1); 45 Fed.Reg. 24132 (Apr. 9, 1980). Although the regulation only applies to Title VII proceedings, all of the reasons advanced by the EEOC for its adoption in Title VII proceedings apply, perforce, to Rehabilitation Act proceedings. The only reason stated by the EEOC for not extending the administrative attorney's fees rule to Rehabilitation Act proceedings is that, at one time in the past, that Act contained no attorney's fee provision. 45 Fed.Reg. at 24130. As stated earlier, the Rehabilitation Act's present attorney's fee provision, 29 U.S.C. § 794a(b), is virtually identical to the analogous Title VII provision, 42 U.S.C. § 2000e–5(k). The EEOC's overly cautious statement about section 794a(b), that "[A] recent amendment to the Rehabilitation Act *may* provide for such an [attorney's fee] award," 45 Fed. Reg. at 24130 (emphasis added), appears to disregard Congress' purpose in employing virtually identical language in the two statutes. Thus, the failure of the EEOC to extend its attorney's fee rule, which purports to be no more than an administrative codification of existing law, to Rehabilitation Act proceedings is difficult to comprehend.

Finally, construing the Rehabilitation Act to authorize the administrative award of attorney's fees will help to promote the just, speedy and efficient determination of handicap discrimination complaints. Consistent with the statute and its purpose, the agency should be authorized to give complete relief to a meritorious claimant. Resolution of the dispute at the administrative level should be encouraged. It would be an anomaly, as this case proves, that a claimant should prevail entirely before the agency, yet have to file a complaint in the district court to seek the judicial award of attorney's fees. The agency before whom the services were rendered is in the best position to evaluate the value of the services rendered and the reasonableness of the award sought and it should make the determination in the first instance.

For all of these reasons, I conclude that an administrative agency is authorized under the Rehabilitation Act amendments of 1978 to award a prevailing applicant or employee reasonable attorney's fees. Summary judgment is granted consistent with this memorandum opinion, remanding this matter to the VA for its determination of whether or not plaintiff is entitled to reasonable attorney's fees and costs and, if so, the amount of such award. Jurisdiction shall be retained in this equitable proceeding to review the VA's determination upon the application of plaintiff and for such further proceedings as may be required. To the extent such are required, this memorandum opinion shall serve as the Court's findings of fact and conclusions of law. Fed.R.Civ.P., Rule 52(a).