**Charles FAULKNER, Plaintiff,**

v.

**William F. BOLGER, Postmaster General of the United States Postal Service; United Postal Service, Defendants.**

**No. LR–C–85–125.**

United States District Court,
E.D. Arkansas, W.D.

Feb. 2, 1987.

Jay Thomas Youngdahl, Youngdahl & Youngdahl, P.A., Little Rock, Ark., for plaintiff.

A. Doug Chavis, Asst. U.S. Atty., U.S. Dept. of Justice, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

BOGUE, Senior District Judge.

This is an action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794 (1975 and Supp.1983). The Plaintiff alleges that he was discriminatorily denied reinstatement with the United States Postal Service because he was handicapped.[1]

The Plaintiff prevailed before a complaint-examiner of the EEOC who found that the Postal Services's reason for denying him reinstatement was "neither legitimate, reasonable, nor convincing, and that the agency did engage in forbidden discrimination against complainant because of physical handicap." The examiner then set forth the following recommended remedial action:

1. Reinstate complainant retroactive to the first date when a Distribution Clerk PS–5 was hired or reinstated after complainant's denial of reinstatement;

2. Award the complainant retroactive within-grade step increases, applicable cost of living raises, and fringe benefits;

3. Award complainant back pay computed in the manner prescribed by 5 CFR 550.804.

The examiner's decision was reviewed by Postal Officials and on June 22, 1984 a letter was sent to the Plaintiff advising him of the examiner's decision. Enclosed with the letter was the decision as well as the transcript of the Plaintiff's hearing before the examiner. The letter informed the Plaintiff that the Postal Service would effectuate the complaint-examiner's recommended remedial action. Further, the letter informed Plaintiff of his right to either an administrative appeal or his right to maintain a civil action. With respect to the commencement of a civil action, the June 22, 1984 letter informed the Plaintiff that

---

1. Plaintiff was employed with the Postal Service from 1971 through 1977. During this time he was advanced from a substitute manual distri-

bution clerk to a full-time manual distribution clerk. Plaintiff applied for reinstatement in early 1982.

in lieu of an administrative appeal "you may file a civil action in an appropriate United States District Court within thirty (30) calendar days of this final agency decision."

The Defendant Postal Service reinstated Plaintiff as a part-time flexible manual distribution clerk effective July 21, 1984. The complaint-examiner's recommendation action was to "reinstate complainant retroactive to the first date when a distribution clerk PS–5 was hired or reinstated after complainant's denial of reinstatement." On July 26, 1984, the Defendant notified Plaintiff that it would award Plaintiff back pay from March 31, 1984, the date on which one type of distribution clerk called a "manual distribution clerk", had been hired.

Plaintiff disagreed with the Defendant's computation of back pay. The Plaintiff asserted that the Defendant had hired a multi-position letter sorting machine distribution clerk (MPLSM Operator) on April 3, 1982, and notified the Defendant by letter dated October 2, 1984 that the April 3, 1982 date should be the back pay commencement date. On January 14, 1985, the Defendant responded maintaining its position that the back pay was only due from March 31, 1984. On February 15, 1985, the Plaintiff initiated this civil action.

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794 (1975 and Supp.1983), was initially intended primarily to help states develop and implement vocational rehabilitation services for handicapped persons. It was later amended to provide more comprehensive protection for handicapped persons subjected to discriminatory treatment. *See* 29 U.S.C. § 701 (1975 and Supp.1983) (Congressional Declaration of Purpose).

Section 501 of the Act in its original form required Federal agencies, including the Postal Service, to adopt affirmative action plans for employment of the handicapped, but it contained no private right of action. In 1978 Congress added a private right of action by enacting Section 505(a)(1), 29

U.S.C. § 794a(a)(1), which provided that the rights and remedies of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, were available to a person complaining of discrimination in violation of Section 501. One effect of this incorporation was that the requirement of exhaustion of administrative remedies applicable to federal employees under Title VII, *See Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), was imported into claims brought under Section 501. *See Boyd v. United States Postal Service*, 752 F.2d 410, 412–413 (9th Cir.1985); *McGuinness v. United States Postal Service*, 744 F.2d 1318–1319 (7th Cir.1984).

■ It is undisputed that the Plaintiff has exhausted his administrative remedies. Once administrative remedies have been exhausted, an individual is entitled to *de novo* consideration of his employment discrimination claim in the district courts. *Prewitt v. United States Postal Service*, 662 F.2d 292, 303 (5th Cir.1981). In order to properly perfect a civil action in the district court, 42 U.S.C. § 2000e–16(c) provides that such a suit be filed within thirty (30) days of receipt of notice of final action taken by the agency.

The question presented in this case is whether the receipt by the Plaintiff of the Postal Service letter dated June 22, 1984, constituted "receipt of notice of final action" as contemplated by Section 2000e–16(c).

It is the Plaintiff's position that he was not "aggrieved" within the meaning of Section 2000e–16(c) until he received a letter from the Defendants mailed on January 14, 1985. In that letter, Plaintiff was again informed [2] that the Defendants would interpret the complaint-examiner's determination to only require back pay from the hiring date of a "manual" distribution clerk as opposed to a "machine" distribution clerk.

**2.** July 26, 1984 was the first time that the Postal Service issued Plaintiff a letter concerning how

Plaintiff's back pay would be computed.

The Defendants assert that the date of June 25, 1984 (Plaintiff's receipt of the June 24, 1984 letter), is the proper date which commences the thirty (30) day limitation.

The facts reflect that although the Plaintiff was successful on the merits of this discrimination claim before the complaint-examiner, he later became dissatisfied with the way in which the Defendant interpreted the computation of back pay. On July 26, 1984, Plaintiff was sent a letter notifying him that his back pay would be computed from "the first day an employee with the *same position title* and *occupation code* as yours was hired after your denial of reinstatement...." See Exhibit E, affidavit of Don C. Jones. This was the first time the Postal Service enunciated its position as to its interpretation of the examiner's recommended decision.

Pursuant to its above-stated position, the Postal Service then began to process Plaintiff's back pay as per Section 436 of the Employee and Labor Relations Manual maintained by the Postal Service. After an initial computation, a letter was sent to the Plaintiff as well as his attorney, dated September 13, 1984, advising the Plaintiff that the Postal Service's position would remain the same. Further, the letter set forth the number of hours computated in the back pay award determination as well as the request for additional information to process the award.

On October 2, 1984, Plaintiff's attorney advised the Defendant that their interpretation of the examiner's decision was incorrect and that "if USPS cannot properly implement the decision, which it agreed to, fully accepted, we will have to take further legal action." See Exhibit A, Plaintiff's response to Motion to Dismiss, or Alternatively, for Summary Judgment.

On January 14, 1985, the Defendant responded by reiterating its positiion as first specifically set forth in the letter of July 26, 1984. On February 15, 1985 the Plaintiff initiated this civil action.

In *Fisher v. United States Department of Transportation*, 430 F.Supp. 1349 (1977), the government moved to dismiss an action brought pursuant to 42 U.S.C. § 2000e–16 on the assertion that the Plaintiff had failed to commence the action within the requisite thirty (30) days of the receipt of notice of final action. The Court held that because the agency had failed to inform the Plaintiff of her right to sue as required by 5 CFR § 713.234 and .282 that there was no "final action" to trigger thirty (30) day limitations. *Id.*

Important to the facts in this case is the *Fisher* court statement that "even if the Commission's final action is in favor of a complainant, he may be aggrieved by the inadequacy of the Commission remedial orders in which to file an action under 42 U.S.C. § 2000e–16(c). Written notice of the right to file such an action within thirty (30) days is as necessary under these circumstances as when the Commission rejects an allegation of discrimination." *Id.* at 1351.

Because the complaint-examiner did not fully define "distribution clerk" as set forth in her remedial order, Plaintiff was not aware of how that order would be interpreted until the Postal Service notified him. However, on July 26, 1984 Plaintiff was sent such a letter, specifically setting forth how the remedial back pay would be computed.

If this Court were to accept the June 22, 1984 letter as a commencement of the limitations period, a discriminating employer could accept a complaint-examiner's determination, stall the technical implementation for thirty (30) days, and thereby avoid judicial review of an agency interpretation. On the other hand, to accept the January 15, 1985 letter as a commencement date of the limitations period would in effect allow a Plaintiff to toll the limitations period merely by communicating his disagreement with agency interpretation to that agency.

█ It is clear from the record that the complaint-examiner's recommendation could be deemed ambiguous. However, any ambiguity was eliminated by the letter sent by the Postal Service dated July 26, 1984. That letter certainly made "final" the position of the agency with respect to

back pay and the method of its computation. Therefore, any civil action challenging the agency's position should have been filed thirty (30) days after July 26, 1984.

Because the thirty (30) day limitations period as provided by 42 U.S.C. § 2000e–16(e) was commenced no later than Plaintiff's receipt of the letter of July 26, 1984, Plaintiff's Complaint, filed February 15, 1985, is barred from this Court's review. Therefore, Defendant's Motion to Dismiss will be granted.