James A. JOHNSON, Appellee,

v.

UNITED STATES of America et al., Appellants.

No. 76–2072.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1977.

Decided May 4, 1977.

John M. Rogers, Atty., U. S. Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Jervis S. Finney, U. S. Atty., Baltimore, Md., and Robert E. Kopp, Atty., U. S. Dept. of Justice, Washington, D. C., on brief), for appellants.

Bill Lann Lee, New York City (Jack Greenberg, Charles Stephen Ralston, New York City, Melvyn R. Leventhal, Jackson, Miss., Kenneth L. Johnson and Johnson & Smith, Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and HALL, Circuit Judges.

BUTZNER, Circuit Judge.

The United States appeals from an order of the district court awarding attorney's fees to counsel for James A. Johnson.

Johnson, a federal government employee, alleged that he had been denied a promotion because of racial discrimination. He first sought relief through administrative channels. When this proved unsuccessful, he engaged a lawyer and brought an action under the 1972 Amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. The district court held that Johnson had stated a cause of action and remanded the case to the Civil Service Commission for a full hearing, granting Johnson leave to refile his action should the commission deny him relief. *Johnson v. Froehlke*, 5 Empl.Prac.Dec. (CCH) ¶ 8638 (D.Md. June 25, 1973). In the proceedings on remand, the commission granted Johnson his promotion and awarded him back pay.

Johnson then filed this action, seeking to recover fees for his attorney. Though the United States conceded that Johnson is a prevailing party and therefore is entitled to counsel fees under 42 U.S.C. § 2000e–5(k),* it claimed that the statute allows fees only for services rendered in a court and not for appearances before an administrative agency. The district court rejected this argument and ruled that Johnson was entitled to fees for the work done by his counsel both in court and before the agency on remand. The court reasoned that "the administrative and judicial proceedings were part and parcel of the same litigation for which an attorney's fee is now sought." *Johnson v. United States*, 12 Empl.Prac. Dec. (CCH) ¶ 11,039 (D.Md. June 8, 1976).

We conclude that the district court properly took into consideration the attorney's services in the agency proceeding. In a sense, this remanded administrative proceeding was ancillary to Johnson's initial action in the district court. If Johnson were not represented, the court's order re-manding the case might well have been less effectively executed.

We do not reach the question of whether a prevailing party would be entitled to attorney's fees for representation in an administrative proceeding which took place entirely independently of, or prior to, an action in the district court, as that issue is not raised by the facts of this case. *See Fitzgerald v. United States Civil Service Commission*, 554 F.2d 1186 (D.C.Cir.1977).

*Affirmed.*

---

* 42 U.S.C. § 2000e–5(k) states:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commis-sion or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.