George FOSTER, Appellant,

v.

The Honorable Daniel J. BOORSTIN, Librarian of Congress, The Library of Congress.

No. 76–1487.

United States Court of Appeals, District of Columbia Circuit.

Argued March 25, 1977.

Decided June 30, 1977.

As Amended Aug. 11, 1977.

Bill Lann Lee, New York City, with whom Charles Stephen Ralston, Melvyn R. Leventhal, Eric Schnapper and Shalon Ralph, were on the brief, for appellant.

Richard A. Graham, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., and John A. Terry and Joseph Guerrieri, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and ROBB, Circuit Judges.

Opinion for the court filed by J. SKELLY WRIGHT, Circuit Judge.

J. SKELLY WRIGHT, Circuit Judge:

This appeal is from the District Court's judgment denying appellant's claim for attorneys' fees under Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) (1970).[1] The District Court held that,

---

1. In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attor-

because appellant was not a "prevailing party" within the language of that section, he was not entitled to an award of attorneys' fees. We hold that appellant was a prevailing party within the statutory language, and we accordingly reverse and remand.

I

The events that preface this appeal are presented briefly in the District Court's judgment, *Foster v. Mumford,* 11 E.P.D. ¶ 10803 (D.D.C.1976),[2] and more fully in the extensive administrative record. On March 27, 1974 appellant, who is black and was then a bindery foreman classified WP–19,[3] filed a "Complaint of Discrimination" with his employer, the Library of Congress. JA 8, 61. Appellant's complaint alleged that two white supervisors had discriminated against him on the basis of race. Specifically, the complaint cited the selection on March 7, 1974 of a less qualified applicant for promotion to the GS–12 position of Printing Officer. On May 17, 1974 the Co-ordinator of the Library's Equal Opportunity Office (EOO) cancelled appellant's complaint for "failure to prosecute." JA 72–73. The notice of cancellation informed appellant that he could appeal the decision within the agency to the Deputy Librarian and, if dissatisfied, then file a civil action in an appropriate United States District Court within 30 days of final agency decision. JA 72. Appellant did appeal (JA 74–78) and on May 17, 1974 the Deputy Librarian stated that he concurred in the cancellation. JA 79.

Shortly thereafter appellant obtained private counsel. JA 3. On June 17, 1974, through his counsel, he filed an action in the United States District Court for the District of Columbia pursuant to, *inter alia,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e–17 (1970 & Supp. V 1975). Appellant sought declaratory and injunctive relief including award of back pay and attorneys' fees. JA 5. After the filing of this lawsuit and—according to the District Court—"[a]s a result of the lawsuit,"[4] the Deputy Librarian of Congress on July 8 vacated and rescinded the agency decision of May 17 to cancel appellant's complaint. The Deputy Librarian remanded the case to the EOO for further investigation and recommendation. JA 88–89. After obtaining authorization from appellant's attorney, the United States Attorney prepared, signed, and filed on July 30, 1974 a stipulation staying all further proceedings in the District Court action for a period of 60 days following the date of a final administrative decision by the Library of Congress. JA 10. The District Court approved this stipulation on August 5. JA 11.

The Library's EOO then conducted counseling and investigation concerning appellant's employment discrimination claim. Subsequently, a four-day hearing was held (JA 16), after which appellant was eventually promoted to the GS–12 position he sought. On January 28, 1976 appellant returned to the District Court and filed a motion for an award of attorneys' fees in the amount of $12,146. Appellant based his

---

ney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person. This provision is made applicable to the federal government by § 717(d), 42 U.S.C. § 2000e–16(d) (Supp. V 1975).

For a discussion of the statutory framework of Title VII of the Civil Rights Act of 1964 and, specifically, an analysis of §§ 706(k) & 717(d), *see* our opinion in *Parker v. Califano,* 182 U.S. App.D.C. ——, 561 F.2d 320 (No. 76–1416, decided June 30, 1977). Section 717(b) of Title VII, as amended, 42 U.S.C. § 2000e–16(b) (Supp. V 1975), provides that, "[w]ith respect to employment in the Library of Congress, authorities granted in this subsection to the Civil Service Commission shall be exercised by the

Librarian of Congress." Neither this court nor the parties ascribe any importance, for purposes of the issue on appeal, to the fact that appellant's claim was processed through Library of Congress rather than Civil Service Commission channels.

2. During the pendency of this litigation Dr. Daniel J. Boorstin replaced L. Quincy Mumford as the Librarian of Congress.

3. "WP" is an acronym for "wage-printing." It refers to a job classification system devised by the Library's Classification Department.

4. 11 E.P.D. ⸢ 10803 at 7362.

claim on Section 706(k) of the Act, 42 U.S.C. § 2000e–5(k) (1970), as made applicable to the federal government by Section 717(d), 42 U.S.C. § 2000e–16(d) (Supp. V 1975). JA 12. Most of the attorneys' fees claimed by appellant related to administrative proceedings conducted by the Library of Congress.

On April 7, 1976 the District Court, in a memorandum and order, denied the motion for attorneys' fees. The basis for the District Court's holding was its assertion that appellant was "not a 'prevailing party' within the meaning of 42 U.S.C. § 2000e–5(k) [Section 706(k)] and therefore not entitled to attorney's fees." *Foster v. Mumford, supra,* 11 E.P.D. ¶ 10803 at 7362. "This Court has * * * merely received plaintiff's discrimination complaint and stayed its hand by consent of the parties. No further judicial relief has been pursued or obtained." *Id.* at 7363. This appeal followed.

## II

■ The factual history of this litigation, as outlined above, is not in dispute. In view of these facts, we cannot accept the District Court's conclusion that appellant was not a "prevailing party" and is thus not entitled to an award of attorneys' fees.

Unfortunately, the term "prevailing party" is not defined in the Civil Rights Act of 1964. Nor was the term specifically defined in the legislative history of the 1964 Act or the 1972 amendments.[5] In the recent case of *Grubbs v. Butz,* 179 U.S. App.D.C. 18, 548 F.2d 973 (1976), however, this court, in construing the meaning of "prevailing party," did examine the purposes of Title VII's attorney fee provision as revealed in the legislative history. The court noted:

> First, Congress desired to "make it easier for a plaintiff of limited means to bring a meritorious suit," as Senator Humphrey stated in explaining the changes made by the amendment. * * *

548 F.2d at 975 (footnote omitted). Surely the effectiveness of this incentive for persons of limited means would be greatly diminished if the complainant were forced to bear the expense of his attorneys' fees whenever the Government chose to award the requested relief after a court action had been filed but prior to a judgment or a court order.[6]

Our conclusion is supported by two recent decisions of this court construing the analogous attorney fee provision in the Freedom of Information Act (FOIA). 5 U.S.C. § 552(a)(4)(E) (Supp. V 1975). That section allows the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." In each of the two cases interpreting this provision, *Cuneo v. Rumsfeld,* 180 U.S.App. D.C. ——, 553 F.2d 1360 (D.C. Cir. 1977), and *Nationwide Building Maintenance, Inc. v. Sampson,* 182 U.S.App.D.C. ——, 559 F.2d 704 (decided April 18, 1977), the appellant sought an award of attorneys' fees after the Government, subsequent to the filing of a lawsuit by the appellant but without a court order having been entered, provided the information requested in the appellant's FOIA suit. In each case this court held that the appellant had "substantially prevailed" within the meaning of 5 U.S.C. § 552(a)(4)(E) and rejected the appellee's contention that, by mooting a lawsuit through granting the relief sought, the Government could avoid liability for attorneys' fees. A court order compelling disclosure of the requested documents is not, the court held, a prerequisite to an award of attorneys' fees under FOIA. *Cuneo v. Rumsfeld, supra,* 553 F.2d at 1363, 1365; *Nationwide Building Maintenance, Inc. v. Sampson, supra,* 559 F.2d at 708–710. The court adopted a passage from the District Court's opinion (unpublished) in *Communist Party of the United States v. Department of Justice,* D.D.C.Civil Action No. 75–1770 (March 23, 1976) (slip op. at 3), *appeal pend-*

---

5. For a fuller discussion of the legislative history of Title VII's attorney fees provision, *see* Appendix to *Parker v. Califano, supra* note 1.

6. See also *Cuneo v. Rumsfeld,* 180 U.S.App. D.C. 184, 189, 553 F.2d 1360, 1365 (1977).

*ing,* D.C.Cir. No. 76–1746, that is equally applicable to this case:

> If the government could avoid liability for fees merely by conceding the cases before final judgment, the impact of the fee provision would be greatly reduced. The government would remain free to assert boilerplate defenses, and private parties who served the public interest by enforcing the Act's mandates would be deprived of compensation for the undertaking. Thus, a general bar to awards of fees in cases resolved before final judgment cannot be accepted by the court.[7]

In this case, in fact, neither the District Court nor the Government on appeal suggests that appellant did not prevail in his claim that he had been discriminated against or in his quest for proper remedial relief. Rather, both the District Court and the Government contend, in essence, that, because the bulk of appellant's litigational time and effort was spent in the administrative rather than the judicial process, he was not entitled to attorneys' fees.

■■■ We note with considerable interest that the facts of this case—as regards the question whether the complainant was a "prevailing party" under Section 706, 42 U.S.C. § 2000e–5(k)—are indistinguishable from the facts of *Parker v. Matthews [sic],* 411 F.Supp. 1059 (D.D.C.1976), which we today affirm. *See Parker v. Califano,* 182 U.S.App.D.C. ——, 561 F.2d 320 (No. 76–1416, decided June 30, 1977). Yet in its appeal from the District Court's decision in *Parker,* which was argued the same day before the same division of this court as was the appeal in this case, the Government did not challenge in any respect the holding that the complainant was indeed the prevailing party. Moreover, in its brief on this appeal the Government makes no attempt to distinguish the two cases. The District Court did seek to distinguish *Parker* but, in so doing, only emphasized the nearly perfect similarity of the two cases. The District Court stated: "Unlike the *Parker* case, *supra,* defendant's reconsideration of plaintiff's administrative complaint involved the agency's setting aside of a threshold procedural error, which permitted the interrupted investigative process to go forward." 11 E.P.D. ¶ 10803 at 7363. It could more accurately be said that in this case, *like* the *Parker* case, *supra,* defendant's reconsideration of plaintiff's administrative complaint involved the agency's setting aside of an erroneous administrative action that permitted the interrupted administrative process to go forward. In both cases the administrative reconsideration immediately followed the complainant's filing of a lawsuit, and in both cases the District Court found that these two events were causally as well as temporally related.[8]

### III

Accordingly, we reverse the judgment of the District Court and remand the case for a determination of reasonable attorneys'

---

7. *Cuneo v. Rumsfeld, supra* note 6, 553 F.2d at 1364; *Nationwide Building Maintenance, Inc. v. Sampson,* 182 U.S.App.D.C. ——, ——, 559 F.2d 704, 709 (No. 76–1453, decided April 18, 1977).

8. *See also Johnson v. United States,* 554 F.2d 632 (4th Cir., decided May 4, 1977).

It might be argued that our decision today will encourage Title VII complainants to file court actions at the earliest possible opportunity in order to ensure their entitlement to attorneys' fees if they prevail in the administrative proceedings. Although our decision today is limited to the particular facts of this case, we do feel compelled to note, as regards this broader question, that under § 706(k), 42 U.S.C. § 2000e–5(k) (1970), the prevailing party is entitled only to "reasonable" attorneys' fees, and the amount to be awarded is a matter within the District Court's discretion. Abuse of the judicial or administrative process could properly be considered by the District Court in awarding attorneys' fees.

It could also be argued that our decision in this case, as well as our decision in *Parker v. Califano, supra* note 1, will create an anomalous distinction between Title VII complainants. That is, it might be suggested that these decisions will be read as permitting award of attorneys' fees to a complainant who prevails only after filing a lawsuit while denying such fees to a complainant who succeeds in the administrative proceedings without having to file suit. For reasons stated in *Parker v. Califano,* 561 F.2d 329, at n. 24, we believe this potential anomaly is far from inevitable.

fees under Section 706(k), 42 U.S.C. § 2000e–5(k). Consistent with our opinion in *Parker v. Califano, supra,* the District Court's determination of the attorney fee award should include compensation for services rendered by appellant's counsel at the administrative level.

*Reversed and remanded.*