**Margienell S. FISCHER, Plaintiff, Appellant,**

v.

**Brock ADAMS, Defendant, Appellee.***

**No. 77–1264.**

United States Court of Appeals, First Circuit.

Argued Sept. 14, 1977.

Decided May 17, 1978.

---

* Editor's Note: The opinion of the United States Court of Appeals, Third Circuit, in *United States v. Genser,* published in the advance sheets at this citation (572 F.2d 406) has been withdrawn from the volume at the request of the court.

Levin H. Campbell, Circuit Judge, filed a dissenting opinion.

Jonathan Shapiro, Boston, Mass., with whom Stern & Shapiro, Boston, Mass., Jack Greenberg, Melvyn R. Leventhal, and Bill Lann Lee, New York City, were on brief, for plaintiff, appellant.

John M. Rogers, Atty., App. Section, Civ. Div., Dept. of Justice, with whom Barbara

Allen Babcock, Asst. Atty. Gen., Washington, D. C., James N. Gabriel, U. S. Atty., Boston, Mass., and Robert E. Kopp, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, WOLLENBERG,* District Judge.

WOLLENBERG, District Judge.

Margienell S. Fischer appeals from the District Court's dismissal of her employment discrimination suit under Title VII of the Civil Rights Act of 1964[1] resulting in the denial of an award of attorney's fees for services rendered in Civil Service Commission proceedings and assessment of interest on back pay recovered from her employing agency.

Appellant, a federal employee, brought this suit based on a claim of sex discrimination charged against her employer, the National Highway Traffic Safety Administration [the agency] of the United States Department of Transportation. In accordance with the enforcement provisions of the 1972 amendments to Title VII, which extended the protection of the Act to federal employees,[2] Fischer filed a formal complaint with the agency on June 15; 1973, alleging that

she had been denied consideration for promotion and that she was not being assigned responsibilities and duties on an equal level with male employees. Following an investigation by an Equal Employment Opportunity counselor in the agency, a proposed disposition was rejected by appellant as unsatisfactory. Fischer next presented her claim in a hearing held on June 4–6, 1974, before an agency Civil Service Complaints Examiner. Counsel retained by appellant in February of 1974 represented Fischer at this hearing. The agency issued its final decision on October 18, 1974, incorporating the finding of the hearing examiner that appellant had not been discriminated against and his recommendation that no action be taken on the complaint.

Exercising her option to appeal the agency decision to the Civil Service Commission (CSC) before filing suit in a federal district court,[3] appellant was successful in obtaining a reversal of the agency decision. In its decision of August 12, 1975, the CSC Appeals Review Board ordered reassignment and a retroactive promotion.

Fischer filed suit in District Court on September 18, 1975, after receiving notice of this final action on her administrative complaint, seeking back pay with interest and an award of attorney's fees under section 706(k) of Title VII.[4] The agency paid

---

* Of the Northern District of California, sitting by designation.

1. Title VII is codified at 42 U.S.C. §§ 2000e–2000e–17 (1970 and Supp. V 1975).

2. Section 717 of Title VII, 42 U.S.C. § 2000e–16 (Supp. V 1975), established a complementary administrative and judicial enforcement scheme for federal sector employees and incorporated existing sections 706(f)–(k), 42 U.S.C. §§ 2000e–5(f)–2000e–5(k) (1970 and Supp. V 1975).

3. 42 U.S.C. § 2000e–16(c) (Supp. V 1975) provides:

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination . . . or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with

the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 . . .

4. 42 U.S.C. § 2000e–5(k) (1970), providing:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

(This section was incorporated by the 1972 amendments as applicable to federal employees under section 717(d) of Title VII, 42 U.S.C. § 2000e–16(d) (Supp. V 1975). The term "Commission" originally referred to the Equal Employment Opportunity Commission (EEOC).)

Fischer $2,972.16 for the full amount of back pay from the date of her retroactive promotion on November 29, 1975. · The government moved to dismiss the complaint, on the grounds, *inter alia*, that the issue of back pay had become moot, having since been paid in full, and that the complaint failed to state a claim on which relief could be granted in that interest and attorney's·fees could not be awarded against the United States in the absence of specific statutory authorization.

The District Court granted this motion dismissing the complaint. It held that Title VII contained no express provision allowing assessment of interest against the Government, concurring with the similar holding of the Third Circuit in *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977). The District Court further held that it had no authority to award fees for work done at the administrative level, since Title VII lacked the "clear statutory expression of congressional intent" that such fees be allowed required by *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The Judge considered the requirement of express congressional intent enhanced where sovereign immunity is involved, under the reasoning of *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), that a waiver of immunity must be "unequivocally expressed."

Reasoning that the provisions of Title VII authorizing the Court to award reasonable attorney's fees to the prevailing party in "any action or proceeding under this subchapter"[5] applied only to actions or proceedings in which the Court participates, the Judge ruled them inapplicable to proceedings before the CSC. The Court found that construction of the term "proceeding" in section 706(k) of Title VII to include administrative proceeding "would stretch without warrant the meaning of this section." The language of section 717(b) of Title VII,[6] the section defining the authority of the Civil Service Commission to enforce the antidiscrimination provisions of section 716 "through appropriate remedies . . . as will effectuate the policies of this section," was interpreted as "not specifically or explicitly providing that the Commission may award attorney's fees" and that, therefore, the CSC was not empowered to award attorney's fees.

We conclude that the District Court erred in denying appellant an award of fees, but that interest on the back pay award was properly denied. We therefore remand for consideration of the amount of fees, noting that the time spent on this appeal is also compensable as part of reasonable attorney's fees.

I.

█ The grounds on which the District Court denied fees were clearly erroneous. We need not decide whether the agency and the CSC are also empowered to grant fees under section 717(b),[7] since we hold and the government now concedes[8] that the District Court does have discretion to grant fees to a prevailing party for work done at the administrative, as well as at the court, level. *Accord, Johnson v. United States*, 554 F.2d 632 (4th Cir. 1977); *Parker v. Califano*, 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); *Foster v. Boorstin*, 182 U.S.App. D.C. 342, 561 F.2d 340 (1977).

**5.** 42 U.S.C. § 2000e–5(k) (1970).

**6.** 42 U.S.C. § 2000e–16(b) (Supp. V 1975).

**7.** Section 717(b), *supra*, note 6, provides in pertinent part:
   Except as otherwise provided in this subsection, the Civil Service Commission shall have authority to enforce the provisions of subsection (a) of this section through appropriate remedies, including reinstatement or hiring of employees with or without back pay as will effectuate the policies of this section, and shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section.

**8.** Letter from John M. Rogers, attorney, Appellate Section, Civil Division, U.S. Department of Justice to Dana H. Gallup, Clerk, U.S. Court of Appeals for the First Circuit (December 13, 1977).

The questions we must determine are whether appellant was a "prevailing party" within the meaning of section 706(k) and whether the requirement of section 717(c) that an employee seeking federal court action be "aggrieved by the final disposition of his complaint, or by the failure [of an administrative forum] to take final action on his complaint" is met. We find in the affirmative on both questions.

▪ As to the prevailing party status of Fischer, the government does not allege that appellant did not prevail on the merits of her claim or receive the requested relief. Her allegation of sex discrimination in employment was upheld by the CSC, which ordered that she be reassigned and retroactively promoted. Rather, it is argued that the Title VII language refers to those parties who are successful in court and that Fischer achieved nothing by going to court. We do not agree that appellant was not successful in court. It has already been stated that the CSC order did not mention back pay, and that the agency did not in fact pay that amount until after suit was filed. This case may well be characterized as one where the "lawsuit acted as a catalyst which prompted the appellee to take action implementing its own fair employment policies and seeking compliance with the requirements of Title VII." [9] *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421, 429–30 (8th Cir. 1970). Under this rationale, fees have been allowed for services rendered in administrative proceedings where the court has taken no formal action to provide relief. *Johnson v. United States*, 554 F.2d 632 (4th Cir. 1977); *Foster v. Boorstin*, 182 U.S.App.D.C. 342, 561 F.2d 340 (1977); *Drew v. Liberty Mutual Insurance*

*Co.*, 480 F.2d 69 (5th Cir. 1973) *cert. denied*; 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974); *Parker v. Matthews*, 411 F.Supp. 1059 (D.D.C.1976), *aff'd sub nom. on other grounds Parker v. Califano*, 182 U.S.App. D.C. 322, 561 F.2d 320 (1977).

▪ Even if the bringing of this action did not in any way prompt the agency to grant full relief, we hold that a party who has prevailed on the merits of a discrimination complaint in administrative proceedings before the CSC may be granted fees by a federal district court under section 706(k). *Cf. Smith v. Califano*, 446 F.Supp. 530 (D.D. C.1977) (finding that the CSC has authority to award fees and that therefore the district court can review denial of such fees). Again, it must be noted that we do not decide herein whether the CSC has concurrent authority to award such fees. It would indeed be anomalous if a "Title VII plaintiff who is unsuccessful in the administrative proceedings but succeeds in court will be able to recoup attorney's fees for all legal services rendered, while a plaintiff who is successful at the administrative level will not be able to recoup any attorney's fees." *Parker v. Califano*, 182 U.S.App.D.C. 322, 561 F.2d 320, 329 n. 24 (1977).

▪ The wording of the statute does not restrict the award of fees to a party who prevails in judicial proceedings and that intent was not expressed in the legislative history of the 1972 amendments.[10] Attorney's fees are a particularly important tool to effectuate the purposes of Title VII of ending employment discrimination and redressing its effects [11] in the case of federal employees where "they are the only attorneys general under the enforcement scheme adopted in Section 717 . . . ." *Parker v.*

**9.** This argument was not offered by appellant. However, we cannot ignore it as an alternate basis for our opinion.

**10.** In *Parker v. Califano*, 182 U.S.App.D.C. 322, 338–40, 561 F.2d 320, 336–38 (1977), the Court notes in an appendix regarding the legislative history of Title VII's attorney's fee provision, that at least some members of Congress believed that the EEOC could award fees for proceedings before it. Therefore, the Court was of the opinion that Congress intended to

extend substantially equal protection and a comparably effective enforcement scheme to federal employees appearing before the CSC, the public-sector counterpart of the EEOC for purpose of Title VII. *See also Brown v. General Services Administration*, 425 U.S. 820, 828–29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Chandler v. Roudebush*, 425 U.S. 840, 845–46, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

**11.** *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

*Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320, 331 (1977). *See Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Furthermore, Congress has indicated its approval of a broad interpretation of the phrase "prevailing party" in discussions on the Civil Rights Attorney's Fees Awards Act of 1976,[12] which draws heavily on the Title VII attorney's fees provision and its application by the courts.

▮ As to the requirement of section 717(c) of Title VII, we find that appellant is an aggrieved party entitled to bring an action in federal court. The CSC proceeding did not afford appellant complete relief since its order failed to specify the award of back pay. In addition, whether or not the CSC had authority to grant attorney's fees, appellant was aggrieved by her inability to obtain this part of her full relief to which she becomes entitled under our holding that the District Court is authorized to award fees for efforts made in administrative proceedings.

## II.

▮ We concur with the opinion of the District Court that interest may not be awarded in this case against the United States. The rule is settled that interest may be assessed against the Government only under express statutory or contractual authorization. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Alcea Band of Tillamooks,* 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *United States v. Goltra,* 312 U.S. 203, 207, 61 S.Ct. 487, 85 L.Ed. 776 (1940). Interest on back pay awards has been allowed in private sector cases under Title VII. *See, e. g., Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211, 263 (5th Cir. 1974); *English v. Seaboard Coastline Railroad Co.,* 12 F.E.P. Cases 90 (S.D.Ga. 1975). However, where sovereign immunity protects the employing agency, courts have consistently denied the award of interest. *See Richerson v. Jones,* 551 F.2d 918,

925 (3d Cir. 1977). We are not prepared to depart from the long tradition respecting the doctrine of sovereign immunity. Nor can we find sufficient expression of congressional intent to substantiate a finding that Title VII unequivocally expresses a waiver of immunity.

In light of the foregoing, we reverse in part, and remand for consideration of the amount of reasonable attorney's fees to be awarded.

LEVIN H. CAMPBELL, Circuit Judge (dissenting).

If we were writing on a clean slate, my inclination would be to affirm the district court, whose opinion seems to me convincingly to demonstrate that this statute fails to contain the express authorization of attorneys' fees awards required by *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The lacunae in this statute seem properly to be corrected by Congress, not the courts. The Government, however, has chosen to accede to the decision in *Parker v. Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320 (1977), holding that a district court may award attorneys' fees for work done at the administrative level once a party has successfully appealed an adverse administrative determination to that court. Although I am not fully persuaded of the correctness of that decision, the problems that would inhere in imposing conflicting determinations on the Government outweigh in my mind my reservations about that result. Accordingly, I am prepared to agree with my brethren that our court should deal with this case within the context of a now conceded power on the part of a district court to award attorneys' fees for administrative level work to a plaintiff who is properly before that court as the result of an adverse administration action. *Id.*

But even taking that position, we face severe difficulty. At first blush plaintiff would not appear to have had any grounds on which to have sought relief from the

---

12. Pub.L.No.94–559, 90 Stat. 2641 (amending 42 U.S.C. § 1988 (1866)). See House Judiciary Committee Report, H.R.No.94–1558, 94th Cong.2d Sess. 4, 7 (1976).

district court, thereby availing herself of that court's fee-awarding power. As the court here points out, her claim for interest was not meritorious. The court argues that plaintiff was "aggrieved" by the failure of the Civil Service Commission to award her back pay, but in fact she received an award in full long before the district court dismissed her suit. And unlike *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970), and *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir. 1973), *cert. denied*, 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974), the district court made no finding, and there is no record evidence that would support a finding, that this suit served as a "catalyst" for plaintiff's recovery of back pay. As a result, unless the Civil Service Commission had the authority to award attorneys' fees in this case and wrongfully withheld them, plaintiff received all the relief to which she was entitled and in no meaningful way to my mind can be considered "aggrieved" by action of the Commission.

It may be possible to agree with plaintiff that the Civil Service Commission does have the authority to award attorney's fees for administrative work and that plaintiff therefore was aggrieved by the Commission's failure to exercise this power in her favor. One might strain to interpret 42 U.S.C. § 2000e–16(b), which authorized the Commission to employ its enforcement powers "through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section," as the "specific and explicit" provision required by *Alyeska Pipeline Co., supra*, 421 U.S., at 260, 95 S.Ct., at 1623, as a prerequisite for fee awards. But *cf. Green County Planning Board v. FPC*, 565 F.2d 807 (2d Cir. 1977). One might further argue that the failure of the Commission to exploit this rather broad remedial authority to devise a procedure for awarding attorneys' fees in appropriate cases constitutes an abuse of discretion, inasmuch as under *Parker v. Califano, supra*, federal employees otherwise will have their right to a fee award turn on the fortuitous circumstance of whether an additional

grievance providing a basis for appeal to the district court exists. But even if one were to forgive plaintiff here her failure to seek an attorneys' fee award from the Commission and to treat this claim as preserved for appellate review, the appropriate disposition of this case would be a remand to the Commission, not the remand to the district court ordered by the court. Accordingly, I must respectfully dissent.