611 F.2d 545
 24 Fair Empl.Prac.Cas. 32, 24 Empl. Prac.
Dec. P 31,388
Dianne RICHARDS, Plaintiff-Appellant,
and
Judy Berry, Plaintiff-Intervenor, Appellant,
v.
Thomas C. REED, Secretary of the Air Force, Defendant-Appellee.
 No. 77-2970.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 7, 1980.
 
 Dianne Richards, pro se.
 Chris Dixie, Houston, Tex., for plaintiff-appellant.
 Archie Carl Pierce, Larry R. Patton, Asst. U. S. Attys., San Antonio, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before JONES, BROWN and RUBIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In the period since the oral argument of this appeal, the Secretary of the Air Force through the United States Attorney has written the Court on two occasions, with copies sent of course to the appellant. With commendable candor the Secretary now admits that newly discovered records indicate that appellant filed suit within the thirty days required by 42 U.S.C.A. § 2000e-16(c). Thus the Secretary now admits jurisdiction and "wishes to join in the Appellant's request that this case be remanded . . . for consideration of an award of attorney's fees for successful prosecution of a claim of employment discrimination during administrative proceedings."[1]
 
 
 2
 Since the Secretary has earlier admitted that attorney's fees are properly awardable for work done solely at the administrative level, Cf. Fischer v. Adams, 572 F.2d 406, 409 n.4 (1st Cir. 1978) (same admission by Department of Justice), it is appropriate to vacate the order appealed from and remand to the District Court for determination of an award of attorney's fees. Since the Secretary now asserts that his Department is in the process of formulating regulations concerning the payment of attorney's fees, the District Court upon remand is in its discretion entitled to hold this matter on its docket until the regulations take effect, and on the promulgation of the regulations to remand the matter to the Air Force for consideration and payment of any attorney's fees.
 
 
 3
 Before giving effect to this remand there is one technical matter to which we must give some notice. As filed, this action for attorney's fees was brought by the lawyer, Dianne Richards, rather than the client who prevailed at the administrative level, Judy Berry. See 42 U.S.C.A. § 2000e-5(k). During the course of proceedings in the District Court, the lawyer as nominal party sought to join the real party in interest pursuant to F.R.Civ.Proc. 17(a).[2] The District Court, concerned only with the merits, never passed on this motion, nor an implied motion for intervention. On appeal but prior to oral argument, the Secretary stressed that intervention was not properly invoked. Cf. In re Beef Industry Antitrust Litigation, 589 F.2d 786, 788-89 (5th Cir. 1979). Nothing was argued about the real party in interest. In view of the written concession now filed by the Secretary, no purpose would be served by exploring either the right of intervention or the addition of the real party in interest and accordingly we direct that on remand the District Court permit the addition of Berry as real party in interest.
 
 
 4
 To assure reasonably prompt compliance the District Court shall retain jurisdiction for the issuance of appropriate or necessary orders.
 
 
 5
 VACATED and REMANDED.
 
 
 
 [1]
 Letter of November 13, 1979 from the United States Attorney, Western District of Texas, to the Clerk of this Court
 
 
 [2]
 It was proper for Berry to be made a real party in interest because the recovery will go to her in the first instance, although her lawyer will ultimately benefit. Cf. United States v. 936.71 Acres of Land (State of Florida), 418 F.2d 551, 556 (5th Cir. 1969) ("the 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."); Proctor v. Gissendaner, 579 F.2d 876, 880 (5th Cir. 1975)