**Kelvin L. BOOKER, Plaintiff-Appellant,**

**v.**

**Harold BROWN, Secretary of Defense; La Vern E. Weber, Chief of the National Guard Bureau; and the Civil Service Commission, and the Commissioners thereof, Robert E. Hampton, Chairman, L. J. Andolsek, and Georgiana Sheldon, Defendants-Appellees.**

**No. 78–1493.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 13, 1980.

Decided April 7, 1980.

Barry D. Roseman, Denver, Colo. (Edward H. Sherman, P.C., Denver, Colo., with him on brief), for plaintiff-appellant.

Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with him on brief), for defendants-appellees.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant, Kelvin L. Booker, here appeals a judgment of the U.S. District Court for Colorado, following his termination as a civilian guard at the premises of the National Guard Bureau at Buckley Air National Guard Base on June 11, 1975. Booker was terminated by letter which gave as a reason substandard performance during his trial period. Specifically, he was told that he had been absent and tardy from work an excessive number of times.

Booker made an informal complaint of discrimination. At the time of making the informal complaint, Booker was advised of his right to file a formal complaint. Thereafter, on July 28, 1975, a formal complaint alleging discriminatory harassment was filed. An effort was made to resolve the complaint informally, but this was unsuccessful. Following this effort, an investigation was carried out by an agent of the Equal Employment Opportunity branch of the National Guard Bureau. The report of this investigator found that Booker had not been terminated because of racial discrimination. The Adjutant General of the Colorado Air National Guard thereafter concurred in the investigator's finding of no discrimination, and Booker's attorney thereupon requested a hearing by complaint examiner.

An amended complaint was filed which presented arguments in support of Booker's right to amend. Following a dispute as to whether this amended complaint could be filed, it was ruled by the complaint examiner that it could. A two-day hearing was then held. Booker, the appellee here, was represented by counsel. He obtained the lawyer, who amended the complaint so as to reflect that the discharge itself was brought about by discrimination. An award was made granting full back pay by the appeals review board of the Civil Service Commission. At the same time, that board refused to award any attorney's fees for legal services in connection with the administrative proceedings. It said that it lacked jurisdiction to do so. The appellee therefore filed the present action in the district court. There he sought attorney's fees for services performed at the administrative level plus attorney's fees in connection with the lawsuit which is now being reviewed.

A declaratory judgment was entered holding that the Civil Service Commission had the statutory authority to exercise discretion in the allowance or disallowance of attorney's fees for legal services performed for the benefit of the appellee. The cause was remanded to the Civil Service Commission for further proceedings. The district court did hold, however, that appellee was not an aggrieved person within the meaning of 42 U.S.C. § 2000e-16(c), and that as a result it lacked jurisdiction to award fees incurred in the civil action itself, the object of which was to enforce the right to attorney's fees. So, the situation which we have here is that of a federal employee who has prevailed on the issue of liability in administrative proceedings pursuant to 42 U.S.C. § 2000e-16, and although the employee has prevailed on the merits and has been awarded reinstatement and full back pay, an attorney's fee was refused in connection with the administrative proceeding.

The ultimate question is whether this person is *aggrieved* as a result of the final disposition of his claim for relief under § 2000e-16(c), and if he is aggrieved, is there jurisdiction for the district court to award fees for legal services incurred in the *civil* enforcement action? The second question is whether the award of attorney's fees is appropriate for services rendered in the proceedings before the administrative adjudications and whether fees should be awarded for legal services at the judicial level as well. Another question is whether such fees are recoverable under 42 U.S.C. § 2000e-16, that is, if the party is aggrieved whether the process should be carried out by the Civil Service Commission or the district court.

Hearing was held on January 23, 1976. On this occasion ten witnesses testified.

Booker introduced time and attendance records of other employees with the name of the employee deleted to protect their privacy. Closing arguments were made by both sides and this was later supplemented by written arguments which included analyses of his time and attendance records as compared with others.

Following this hearing, the complaints examiner in his findings of fact found that Booker had been discriminated against with respect to his discharge.

■ A further question is whether the entire matter has to go back for adjudication by the Civil Service Commission or whether the trial court has the authority to award attorney's fees in connection with the proceedings before the Civil Service Commission and the proceedings in the civil action in the district court, plus the appellate procedure here. It is our conclusion that the matter should not go back to the Civil Service Commission, which procedure would likely give rise to another round of appeals, but, rather, it should be remanded to the district court to finally determine awards at both the administrative level and the district court level.

A. Does plaintiff-appellant have standing?

The trial court's view was that he was not aggrieved within the meaning of 42 U.S.C. § 2000e-16(c) inasmuch as the only issue which remained was that which stemmed from denial of attorney's fees. The court then went on to hold that:

It would be inappropriate to accept jurisdiction under Title VII for the sole purpose of awarding attorney's fees in administrative proceedings. The jurisdiction which I have exercised here is that provided by 28 U.S.C. § 1331(a) for a declaratory judgment interpreting the authority of the Civil Service Commission and the relief should be limited to such a declaratory judgment. As a declaratory judgment action under 28 U.S.C. § 1331(a) and 28 U.S.C. § 2201, there is no basis for this Court to award fees for the administrative proceeding and for this civil action.

The court entered a declaratory judgment which said that the Civil Service Commission had the statutory authority to exercise discretion in considering and allowing reasonable attorney's fees for legal services performed. It therefore remanded the case to the Civil Service Commission for further administrative proceedings. The court's action was not based upon the fact that the suit was filed under 42 U.S.C. § 2000e-16, but, rather, on its conclusion that the party was not aggrieved by the final disposition of the complaint. The sum total of this was that the party was deprived of attorney's fees in the administrative proceedings and also in the civil action.

Attorney's fees are awardable to federal government employees who prevail in civil actions brought under Title VII. *See* 42 U.S.C. § 2000e-16(d) and § 2000e-5(k). This latter section provides:

(k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

B. Does the district court have jurisdiction over the award?

Inasmuch as attorney's fees and costs are part of the recovery available to a prevailing Civil Service employee, no reason is apparent why he is not an aggrieved party within the meaning of this section. To allow him to appeal a deficient award but to exclude his right to recover an attorney's fee which is expressly authorized under § 2000e-5(k) would seriously undermine the effectiveness of the remedy. The cases support the conclusion that attorney's fees can be awarded for representation at the administrative level (here the Civil Service Commission) as well as in court proceedings seeking recognition and enforcement of the right.

A fundamental authority on this general issue is *Fischer v. Adams*, 572 F.2d 406 (1st Cir. 1978). The district court had dismissed

the complaint and had ruled that neither interest nor attorney's fees could be awarded against the government in a federal employment discrimination administrative proceeding. The First Circuit rejected this judgment insofar as it had ruled out attorney's fees. The court also held that the party was *aggrieved* within the meaning of 42 U.S.C. § 2000e-16(c). The First Circuit said:

> As to the requirement of Section 717(c) of Title VII [42 U.S.C. § 2000e-16(c)], we find that appellant is an aggrieved party entitled to bring an action in federal court. The CSC proceeding did not afford appellant complete relief since its order failed to specify the award of back pay. In addition, whether or not the CSC had authority to grant attorney's fees, appellant was aggrieved by her inability to obtain this part of her full relief to which she becomes entitled under our holding that the District Court is authorized to award fees for efforts made in administrative proceedings.

572 F.2d at 411.

The subsequent cases have reached substantially the same conclusion. *See, for example, Carey v. New York Gaslight Club, Inc.,* 598 F.2d 1253 (2d Cir. 1979). The problems were fully considered in this Second Circuit decision. The legislative history of Title VII was examined as well as the 1976 Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. Here the plaintiff had prevailed in proceedings before a state administrative agency. It was held that he could recover attorney's fees at the state administrative level without having to go to federal court. This is a controversial decision insofar as it dictates procedure for state administrative tribunals, but for our purpose it shows the strong underlying policies which call for full recognition of the federal remedies contained in the Civil Rights Act of 1964 as amended. The majority of the *Carey* court left no doubt that the award of attorney's fees in Title VII cases is not to be left to the unbridled discretion of the trier of the facts. Rather, it was pointed out that the Act favors the award of the fees where the party is shown to have been aggrieved. The Second Cir-

cuit relied somewhat on the Supreme Court's decision in *Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

Another decision which provides support under similar circumstances is *Fitzgerald v. United States Civil Service Commission,* 554 F.2d 1186 (D.C.Cir.1977). But here the respondent was the federal government. This case arose under the Veterans' Preference Act, 5 U.S.C. §§ 7511, 7701. The court had to disallow the award in that case due only to the fact that there was not either a specific or general provision for obtaining attorney's fees in the substantive Act that was before it.

*Richerson v. Jones,* 551 F.2d 918 (3rd Cir. 1977) is a case which arose under the present statute, 42 U.S.C. § 2000e-16(c). In it the federal government was the respondent. A federal employee brought a civil action in U.S. District Court claiming discrimination and praying for the award of back pay, interest, attorney's fees and expenses, and also punitive damages. (The punitive damages were rejected by the Third Circuit.) On remand the Court of Appeals ordered findings and standards consistent with other Third Circuit cases on attorney's fees. Other parts of the opinion are not relevant.

Perhaps the most pointed of the cases cited is *Carey v. New York Gaslight Club, Inc., supra.* It is unequivocal in its holding that attorney's fees are recoverable for services rendered before the administrative tribunal.

Other cases which are generally supportive include *Brown v. Bathke,* 588 F.2d 634 (8th Cir. 1978), *Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977), and *Richerson v. Jones, supra,* involving a federal employee. *See also Foster v. Boorstin,* 561 F.2d 340 (D.C. Cir.1977), *Smith v. Fletcher,* 559 F.2d 1014 (5th Cir. 1977), and *Richards v. Reed,* 611 F.2d 545 (5th Cir. 1980). In *Parker* and *Richards,* the circuit courts recognized the right of the plaintiffs-federal employees to attorney's fees at the administrative level as well as in court.

█ *Our conclusion* is that the district court has plenary authority to award rea-

sonable attorney's fees not only for the action brought in that court and the appeal to this court, but, also, inasmuch as the suit was filed for the purpose of reviewing the failure of the Civil Service Commission to award fees, the district court had full authority to award fees for legal services rendered before the Civil Service Commission. On remand it should pursue all of these objectives, that is to say, costs and attorney's fees before the Civil Service Commission, before the district court, and before this court. We are not suggesting that the Civil Service Commission lacks the power to award an attorney's fee in a proper case involving a federal employee. However, we feel that justice will be better served if all of the attorney's fees are awarded by one judge. Thus, it would be somewhat awkward and perhaps nonproductive to have one aspect decided by one judicial tribunal and another decided by an administrative tribunal.

With that in mind, we remand the entire matter to the district court for full determination and disposition.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.