**Clair GREGG, Plaintiff,**

v.

**AMERICAN QUASAR PETROLEUM CO., et al., Defendants.**

**Civ. A. No. 88–Z–9.**

United States District Court, D. Colorado.

May 4, 1988.

Ralph Rhodes, Denver, Colo., for plaintiff.

John S. Pfeiffer, Denver, Colo., Cecil E. Munn, Ft. Worth, Tex., for defendants.

ORDER

D.E. ABRAM, United States Magistrate.

The Defendants American Quasar Petroleum Co. now known as Wolverine and American Quasar Petroleum Co. of New Mexico have filed a motion to add Paul D. Hoovler as a party plaintiff pursuant to Rule 19. Counsel for the defendants has

failed to provide any brief or case law to support the motion.

The facts which are undisputed are that Paul V. Hoovler agreed to pay the plaintiff's attorneys' fees and court costs if the plaintiff would agree to Hoovler receiving 50% of any amount recovered by the plaintiff in this suit. The agreement further provides that should the plaintiff enter into any settlement with the defendants it must be with Hoovler's approval. The contract does not assign any substantive right to Hoovler. The defendants, by the counter-claim, seek to recover attorneys' fees and costs for a frivolous lawsuit pursuant to C.R.S. § 13–17–101 and 102 and C.R.S. §§ 13–16–105 and 122.

To determine whether a person is a real party in interest, the court must look at the substantive law of the State of Colorado. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). In order to have a right to bring an action as a plaintiff in Colorado, the person must have suffered an injury to an interest which is subject to protection as a matter of law. *Swanson, supra*, at page 814. Hoovler does not have any substantive interest because he does not have an assignment of any of the plaintiff's contract or tort claims.

Hoovler can be compared to any bank or lender who has financed the plaintiff's lawsuit and has taken a secured interest in the result of that suit. An attorney with a contingency fee is in a similar position as Hoovler. It cannot be argued that an attorney becomes an indispensable party under Rule 19 because of the contingency fee contract. The proper person in that suit is always the party who has the actual substantive claim. *See Richards v. Reed*, 611 F.2d 545, 546 (5th Cir.1980).

The test pursuant to Rule 19 as to whether a party is an indispensable party and should be joined are: (1) the party's presence is necessary to grant complete relief, (2) the absence of the party would risk multiple or inconsistent obligations or results and, (3) the missing party has a substantial interest in the case. *In re: Midwest Milk Monopolization Litigation*, 730 F.2d 528, 532 (8th Cir.1984); *Francis Oil and Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir.1981). The defendants will have complete relief if they recover on the counter-claim and are successful in defense of the case because there is available to them both Rule 11 F.R.Civ.P., 28 U.S.C. § 1927 and the state statutes. The provisions provide relief both against the plaintiff himself and his attorney. The failure to join Hoovler will not create a multiple litigation and the issues both in the Complaint and the counter-claim can be fully litigated without prejudice to the defendants. Furthermore, Hoovler does not have a substantial interest in the litigation.

In *State Mutual Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259 (6th Cir. 1979) the trial court dismissed a Rule 19 motion to join a party who had been assigned the interest by judgment obtained in litigation. The assignor maintained the right to pursue the claim and to control the lawsuit. The Circuit in that case indicated that a clause in the assignment in fact assigned a substantive right to the assignee. *See Mutual Life Assurance Co.*, page 266. Unlike the State Mutual Life Assurance case there has not been assigned any substantive right to Hoovler.

IT IS HEREBY ORDERED that the Motion of the Defendants for joinder of Hoovler is hereby denied.