James U. HARRIS, Plaintiff-Appellant,

v.

The UNITED STATES of America, the United States Postal Service and the United States Civil Service Commission, Defendants-Appellees.

No. 74–4016.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

Andrew W. Carruthers, Jesse R. Funchess, Leslie C. Johns, Houston, Tex., for plaintiff-appellant.

Roger J. Allen, Charles D. Cabaniss, Asst. U. S. Attys., Dallas, Tex., for defendants-appellees.

Before GEWIN, COLEMAN and GOLD-BERG, Circuit Judges.

PER CURIAM:

Appellant James U. Harris claims that he was denied procedural due process by the agencies handling his employment discrimination complaints. The district court granted summary judgment against appellant. After a careful review of the administrative records, we affirm.

The United States Postal Service imposed two short suspensions upon appellant, a postal carrier, after giving him two days advance written notice of the reasons therefor.[1] The primary basis for the suspensions was that appellant was "squaring" the yards on his route instead of "walking the lawns," i. e., he would walk only on the sidewalks and the street rather than save time by cutting across lawns.[2]

Harris filed two formal discrimination complaints attacking the suspensions as racially motivated, and the complaints were consolidated.[3] After a full hearing the examiner recommended a finding of no discrimination. The Postal Service adopted the finding, and the Civil Service Commission Board of Appeals and Review affirmed.

Harris then filed this action against the United States, the United States Postal Service and the United States Civil Service Commission. After a pre-trial conference the district judge requested the filing of cross-motions for summary judgment. Appellees filed their motion and a supporting memorandum, but appellant filed neither. The court reached the merits and granted appellees' motion.

In challenging the decision below appellant does not seek to obtain a trial de

---

1. The first suspension was for five days, the second for fourteen.

2. Post office policy in Dallas calls for walking the lawns unless customers request squaring. Ordinarily, few customers make such requests. Harris said 90% of his customers requested squaring, and after his suspensions he corroborated this by obtaining signed statements. Post office policy dictated that the carrier record such requests in his route book, how-

ever, which Harris had not done. In addition, the Postal Service cited several other minor incidents in its first suspension letter.

3. Harris apparently did not object to the consolidation. At any rate, Harris has not shown that the consolidation adversely affected his interests or was unfair in any respect. It is therefore irrelevant to his due process claim.

novo on his employment discrimination claim. Compare *Chandler v. Roudebush,* —— U.S. ——, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). Instead, appellant claims only that the administrative proceedings denied him due process.[4] We have reviewed the record in depth and find no due process transgressions. The hearing was full and fair.[5] Due process was accorded.

Appellant also asserts that he was denied due process in the district court because his lawyer failed to file a summary judgment motion or a brief opposing appellees' motion. The contention is without merit. Not only did appellant choose his own counsel, but the attorney's actions were of no consequence because the district judge decided the summary judgment issue on the merits and, as we have indicated, reached the only correct result.

AFFIRMED.

---

4. Any doubt on this score was removed at oral argument. Appellant's counsel twice denied that he sought a trial de novo. In addition, appellant seems not to seek review of the administrative record for deficiencies other than due process violations. At any rate, we find the agency's conclusions supported by substantial evidence.

5. The full and fair hearing occurred after the suspension. Appellant does not claim that pre-suspension process was insufficient. Compare *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).