Patricia WHITESIDE,
Plaintiff-Appellant,

v.

William GILL et al.,
Defendants-Appellees.

No. 76–3242.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1978.

Robert Earl Piper, Jr., Shreveport, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., Ronald R. Glancz, Frederic D. Cohen, Attys., Rex E. Lee, Asst. Atty. Gen., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for William Gill and U. S. Air Force.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

WISDOM, Circuit Judge:

In this Title VII case,[1] the Secretary of the Air Force[2] concedes on appeal that the plaintiff-appellant, Mrs. Patricia Whiteside, suffered sex discrimination when she first sought a promotion from GS–9 to GS–11. The district court held, however, that it could not conclude that Whiteside would have been promoted in the absence of sex discrimination. We find that the record does not support the trial court's judgment for the defendant and remand the case for further proceedings.

## I.

In 1971, Whiteside began her work as a GS–9 guidance counselor at the Eighth Air Force's base at Barksdale, Louisiana. In 1974, a vacancy occurred in the Eighth Air Force for a GS–11 education specialist.

William Gill, a civilian, as head of the Eighth Air Force's education section at the time of the vacancy, was responsible for recommending someone for the job. Gill had never recommended a female for promotion to a supervisory position. Gill had admittedly (but allegedly jokingly) made derogatory remarks about females in general, and he had said that women were not good in management positions. He had said that he did not intend to recommend a woman for this GS–11 position.

Gill's task in recommending someone for the GS–11 position was confined to selecting one person from the five on a "Promotion Referral List". The purpose of such a list is to identify individuals qualified for a vacant position. Whiteside ranked first on that list. That ranking, however, was based on her record rather than on subjective conclusions as to her job performance, and was advisory only.

When Gill learned that he was to recommend someone for the education specialist position, he notified another GS–9 guidance counselor, Hank Singer, a personal friend. Gill knew that Singer was interested in another job outside the Eighth Air Force. He advised Singer not to take any other job before the Eighth Air Force GS–11 position was filled. Gill interviewed Singer, Whiteside, and the three other candidates on the Promotion Referral List. He then recommended Singer, who eventually obtained the promotion.

When Whiteside learned that she had not received the promotion, she filed a formal complaint alleging that she had not been promoted because of sex discrimination. Whiteside received a formal hearing before a Civil Service Commission Hearing Examiner, Mrs. Joan Winn. The evidence as to Whiteside's fitness for the education specialist job was often contradictory.

Staff Sergeant Melvin Tuggle, Jr., an education specialist for the Air Force, praised Whiteside's work. Sergeant Tuggle said she was diligent, conscientious, and enthusiastic, and that she did more than her share of work. Dorothy Nelson, formerly a clerk-typist at Barksdale, praised the plaintiff and said that Whiteside did far more than her share of the work at the office.

Paul Huff, Chief of the Education Branch at SAC Headquarters (which encompasses the Eighth and Fifteenth Air Forces) knew both Singer and Whiteside. When asked whether he thought Singer or Whiteside would make a better education specialist, he expressed a preference for personnel who were not ex-military people, because, he said, young servicemen sometimes tend to relate better to people who have not spent their lives in military work.

1. This case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16. That section bars federal job discrimination.

2. Mrs. Patricia Whiteside, the plaintiff, originally sued William Gill, the Air Force official who recommended another person for the job she sought. The proper defendant, as the district court noted, is the Secretary of the Air Force. 42 U.S.C. § 2000e–16(c). Since the district court's decision, Thomas C. Reed has replaced John McLucas in that office.

Whiteside was not a military veteran; Singer was. Sergeant Walter Gorrebeeck, who knew and worked with them both, testified that Mrs. Whiteside was at least as competent as Singer.

Patricia Whiteside took the stand in her own behalf at the administrative hearing. She testified that she was better qualified for the job than was Singer, and that Gill would have recommended her had he not been prejudiced.

William Edward Stokes, Education Services Officer at Barksdale, supervised both Whiteside and Singer. He said that Singer was a "much better" worker than Whiteside. He based this conclusion on observation of the two as guidance counselors. Stokes said that Whiteside's "relationship with the others in the office leaves quite a bit to be desired". Stokes said he received complaints about Whiteside's knowledge of Air Force regulations and policies. He said that he observed her "occupied with things other than her job" during duty hours. He testified that Whiteside's work was satisfactory, but that she was not "one of the top individuals", and that some high ratings he had given her "did not honestly reflect what [he] thought". In summary, Stokes described Whiteside's job performance as "average at best". Stokes told Gill of his opinions about Whiteside and Singer before Gill made the promotion recommendation.

William Gill, whose decision was at issue, testified that Singer was a better choice for promotion than Whiteside. He testified that Singer had much more knowledge of the military setting than Whiteside.

Singer's educational background and work experience were different from Whiteside's. Both Singer and Whiteside had master's degrees; Whiteside had slightly more post-graduate work. Singer had to a great extent concentrated his academic work in the area of military counseling; Whiteside's academic background was more general. Although Singer's experience was primarily in the area of military counseling, the bulk of Whiteside's counseling experience had occurred in a civilian setting.

After the hearing, the Hearing Examiner found that Gill was prejudiced against women and had discriminated against Whiteside.[3] The Examiner "[did] not conclude that but for the discrimination, [Whiteside] would have been selected". The Examiner recommended that the Eighth Air Force give Whiteside priority consideration for promotion to any position

3. The Hearing Examiner found: The supervisor at the Barksdale Education Center had exhibited a favoritism within his office toward the male employees that was not exhibited toward the female employees and for which the record offered no justifiable explanation. The supervisor took an interest in having the selectee chosen for the position in question as witnessed by his having called the official to advise him that the selectee was being considered for a position in Georgia. The official obviously had entertained thoughts of selecting the ultimate selectee, prior to his interview with the complainant, as witnessed by the official's call to the selectee requesting that he determine if the action in Georgia could be forestalled.

Contrary to the agency's position that the official's disparaging remarks about females were made in jest, I conclude that the fact that the remarks were made on more than one occasion to more than the one female the official considered naive to be persuasive evidence that the official was in fact in earnest when he stated that he would not hire a woman for the position.

In summary, I conclude that the official had intentions of not hiring a female to fill the position in question and that said intentions entered into his ultimate selection to fill the position. As stated by one witness when referring to complainant having applied for the position, "I think he failed to consider Mrs. Whiteside for promotion because she's a woman." (Hearing Transcript p. 343).

I do not conclude that having been properly considered, including consideration without the obvious interest of the supervisor at Barksdale Education Center, that of the five candidates referred complainant would have been selected.

The Examiner recommended: I recommend a finding that complainant was discriminated against on the basis of sex in the consideration for and the filling of the position at 8th Air Force Headquarters Level, Education Specialist, GS–1710–11. The Examiner recommended

she was qualified to fill.[4] The Department of the Air Force adopted the Hearing Examiner's report, including this recommendation. On August 1, 1976, Whiteside was promoted to a GS–11 education specialist position.

Dissatisfied with the relief she had received, Whiteside brought suit in the United States District Court for the Western District of Louisiana on April 15, 1975, seeking retroactive promotion and backpay. She asked the court to examine the administrative record; she did not seek a trial de novo.

The district judge, reviewing the administrative record, denied Whiteside the additional relief because he "failed to find that but for the discrimination plaintiff would have been promoted to the position of Education Specialist". He said "This Court simply cannot conclude that plaintiff would have been promoted to the position in question if her sex had not been considered". App. at 75.

## II.

■ We hold that the Civil Service Hearing Examiner and the trial judge misallocated the burden of showing whether sex discrimination kept Whiteside from being promoted. The law allocating the burden of proof in Title VII cases is settled. Once the plaintiff has established discrimination, "The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 1973, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 32 L.Ed.2d 668, 678. This Court has expressed the procedure to be followed in a Title VII case as follows: "[T]he plaintiff must present a prima facie case of racial discrimination; the employer then has the burden of proving, by a preponderance of the evidence, that legitimate, nondiscriminatory reasons existed to support his action; and the plaintiff then has the burden of proving by a preponderance that the employer's articulated reason was a pretext for discrimination." *Turner v. Texas Instruments, Inc.*, 5 Cir. 1977, 555 F.2d 1251, 1256; *Corley v. Jackson Police Dept.*, 5 Cir. 1978, 566 F.2d 994, 999.

■ The Hearing Examiner's statement—that she did "not conclude that but for the discrimination, [Whiteside] would have been selected"—does not reflect a proper allocation of the burden of proof on this issue.[5] Similarly, the trial judge's "fail[ure] to find that but for the discrimination plaintiff would have been promoted to the position of Education Specialist" reflects an inappropriate allocation of the burden.[6]

the following corrective action: Inasmuch as I do not conclude that but for the discrimination, complainant would have been selected, I recommend that complainant be, in accordance with Commission Regulation 713.271, given consideration for promotion to a position for which she is qualified within Barksdale Education Center and at 8th Air Force Headquarters Level before consideration is given to other candidates.

4. This remedy accords with 5 CFR § 713.-271(b)(2).

5. A slight change in phrasing, however, would reflect a proper allocation. Had she concluded that without discrimination, Whiteside would not have been selected, the Hearing Examiner would have shown that she understood that the government bore the burden on this issue.

6. The trial judge labelled his decree an entry of summary judgment. If Whiteside had invoked her right to trial de novo, summary judgment would not have been proper, because there remained a genuine issue of material fact: whether Singer or Whiteside was more qualified for the promotion. The conflicting testimony on this issue from the witnesses at the administrative hearing precludes the entry of summary judgment. Gill's testimony directly contradicted Whiteside's. Such contradictions make summary judgment improper.

Whiteside was entitled to a trial de novo in district court on her Title VII claim. In *Chandler v. Roudebush*, 1976, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416, the Supreme Court decided that a federal employee seeking relief under Title VII has the same right to trial de novo as a private sector Title VII plaintiff. Whiteside's attorney, however, did not seek trial de novo.

We can envision some cases where this misallocation of the burden of proof might be harmless. In some cases, the record could be so clear that the allocation of the burden of proof would make no difference. This class of cases seems small, however. We think that misallocation might be harmless, for instance, if summary judgment were appropriate for the party who had prevailed, that is, if the losing party had raised no genuine issue of material fact. If all the evidence favored one party and if that evidence were overwhelming, we could infer that a misallocation was a technical defect that did not influence the outcome of the case.

In this case, however, the misallocation of the burden of proof was not harmless.[7] There was conflicting testimony as to whether Singer or Whiteside was better qualified for the promotion. The Hearing Examiner's formulation of her finding—that she could not conclude that Whiteside would have been promoted absent discrimination—leaves open the possibility that neither side convinced her that its position was sounder than the other's. The Hearing Examiner may not have been able to decide what would have happened absent discrimination. There is nothing in the record to indicate that she could decide. In this situation, the burden of proof is crucial; to misallocate it is to render the wrong result.

The district court had only the administrative record as a basis for its decision. That court's affirmance of the Hearing Examiner's decision is flawed by both misallocations of the burden: the Hearing Examiner's and its own. This case boils down to a credibility choice. We cannot make that choice on the record before us.

It would serve no purpose for the trial court to consider the record of this case further at this time. The trial judge did not observe the witnesses; his determination that the government should prevail was a review of the Hearing Examiner's determination. He can make the credibility choice no better than we. We therefore vacate the district court's judgment and remand this case to the district court with instructions to remand the case to a Department of the Air Force, which should, in turn, send it to a Hearing Examiner. "An administrative order must be set aside if . . . the agency's underlying standards are not in accord with law." *Wheatley v. Adler,* 1968, 132 U.S.App.D.C. 177, 180, 407 F.2d 307, 310 (en banc). *Accord, St. Joe Minerals Corp. v. EPA,* 3 Cir. 1975, 508 F.2d 743, 746.

On remand, the Hearing Examiner should review the record to determine whether the defendants sustained their burden of proof (persuasion). *Cf. Eastside Church of Christ v. National Plan, Inc.,* 5 Cir. 1968, 391 F.2d 357, 363, *cert. denied,* 393 U.S. 913, 89 S.Ct. 240, 21 L.Ed.2d 198. Should the defendants prevail, Whiteside may seek district court review of that decision.[8]

### III.

Because of our remand of the substantive claims raised in this appeal, any decision on the propriety of denying attor-

---

When Whiteside sought district court review of the Hearing Examiner's decision, the Supreme Court had not decided *Chandler v. Roudebush,* and the circuits were divided on the question whether federal plaintiffs were entitled to de novo review. Whiteside's lawyer, incorrectly, it turned out, thought that "the better view" was that a trial de novo was not required in every case. App. at 68. "[A]ccordingly", he said, "plaintiff seeks only a judicial review of the record". *Id.* Whiteside's lawyer stated again at oral argument that he was not now seeking trial de novo.

**7.** Of course, should the Hearing Examiner who heard the case be unavailable, new administrative proceedings will be necessary.

**8.** In the event she loses at the administrative level, Whiteside is entitled to a trial de novo should she wish one. She did not seek one before and her lawyer indicated unequivocally at oral argument that she had waived her right. *See* note 6. In the alternative, she may again ask the district court to review the record to determine if substantial evidence supports the decision. *See Harris v. United States,* 5 Cir. 1976, 538 F.2d 1226, 1227–28 (per curiam).

ney's fees would be premature. We note, however, that, if Whiteside prevails on remand, an award of attorney's fees would not be an abuse of discretion. 42 U.S.C. § 2000e–5(k). *See Johnson v. United States*, 4 Cir. 1977, 554 F.2d 632.

Vacated and Remanded.